EDWARD HEENAN, Respondent, *vs.* PATRICK NASH, Appellant.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

Where a bill of exchange is drawn upon a firm in the firm name, and accepted by an individual member of the firm in his own name, the partnership is not bound by such acceptance. Nor does such acceptance create any liability against the member accepting.

## Points and Authorities for Respondent.

A party cannot prove more facts than he alleges, therefore the complaint must show on its face a *prima facie* cause. *Chitty's Pl.*, *marg.*, *p.* 221, 222. Hence we must first settle conclusively what this complaint *prima facie* shows. We think when a partner uses the firm name, he *prima facie* intends to pledge the firm credit, and to contract a firm obligation ; but where he uses his own individual name (it being different from the firm name, 5 *Mason*, 176,) he intends only to pledge his own credit, and to contract only a personal obligation. A partner is but an agent of the firm, and an agent must use the name of his principal, in order (*prima faeie* at least) to bind his principal. *Pothier on Obligations, marg.*, *p.* 83, 1 *vol.*; *Story on Part.*

Therefore we think the complaint shows *prima facie* that Nash, by the acceptance in his own name, intended to contract only a personal obligation, and not at all to bind the firm of "Nash & McGrorty." But though Nash intends to contract a personal liability, yet he did not do so, either as acceptor or guarantor, or as an agent who has failed to bind his principal on an attempt made. Not as acceptor, because Patrick Nash is not the firm of Nash & McGrorty, and by the law merchant no one can accept or contract a liability, as

acceptor, but the drawee, until after the bill has been protested. *Parsons' Law Merchant, p.* 131.

This bill is directed to Nash & McGrorty, not to Patrick Nash. The law merchant presumes the funds to meet the bill to be. in the hands of the firm of Nash & McGrorty, not in the individual hands of Patrick Nash. *Pohill vs. Walters,* 3 *B. & Ad.,* 114; *Davis vs. Clark,* 6 *Q. B.,* 16; *Jackson vs. Hudson,* 2 *Camp.,* 447.

It is true that when a bill is addressed to several persons "having no business relations," who are in the commercial world individuals, then the law merchant presumes that the drawee has funds in their several hands to meet the bill; and of course each one who accepts binds himself individually. In such case there are several drawees. But that will not be pretended here.

Nash is not liable as guarantor, because no consideration is expressed in his agreement, and none is alleged. *Comp. Stat.* 458, *sec.* 11, *&c.* In this State the consideration must be expressed.

Nor is Nash liable as an agent who has attempted to act for some principal and failed to bind him; because he did not attempt to bind any one but himself. Besides an agent is not liable in such case unless he pretends to act for a principal, when he had in fact no authority. *Walker vs. Bank of State of N. Y.;* 5 *Seld.,* 585-6-7; 3 *John. Cases,* 70; 17 *John.,* 307. Wherefore we think Nash is, on the face of the complaint, not chargeable as a partner of the firm of Nash & McGrorty, because the firm is not *prima facie* liable. And that he is not liable as acceptor because he was not the drawee, and no one but the drawee can be acceptor until after protest and for honor; and he is not chargeable as guarantor, because no consideration is shown; and not as agent because he did not pretend to bind any principal.

SMITH & GILMAN, Counsel for Appellant.

BRISBIN & WARNER, Counsel for Respondent.

*By the Court*—FLANDRAU, J.—Action on bill of exchange

against acceptor.   On the 18th day of September, 1858, the Defendant, Patrick Nash, and one William B. McGrorty were partners, under the name, firm and style of "Nash & Mc-Grorty."   On that day Patrick Murnane drew the bill in question on the said firm, in favor of William Devine, and to his order, payable in one month from date.   William Devine endorsed the bill to the Plaintiff, who, on the 25th day of July, 1859, presented the same to Patrick Nash, who accepted it by writing on its face the following words :—" Accepted this 25 July, 1859."

The statute of this State, on the subject of acceptances, is as follows :

"No person within this Territory shall be charged as an acceptor on a bill of exchange, unless his acceptance shall be in writing, signed by himself or his lawful agent." *Comp. Stats.*, 375, *sec.* 7.

We will have to consider, in deciding this case, two questions. *First*, Whether the acceptance by Nash was good as a partnership acceptance, and binding on the firm; and *second*, whether it was competent for him to accept the bill as an individual, and incur a liability against himself alone.   If the acceptance was binding upon the firm, the action is well brought against one of the members.   *The Comp. Stats.*, 536, *sec.* 38, provides that " any one of the joint associates may also be sued for the obligations of all."   If the liability was individual, the acceptor was, of course, the proper Defendant.

In the case of *Mason vs. Rumsay*, 1 *Camp.*, 384, it was held that an acceptance by one member of a firm in his own name would bind the firm when the bill was drawn on the firm.   The same was again held in *Wells vs. Masterman*, 2 *Esp.*, *p.* 731.   This doctrine seems to have been adopted in *Collyer on Partnership*, *sec.* 410, and in *Byles on Bills*, 144, on the authority of these cases, and some others there collected.   In the case of *Dougal vs. Cowles*, 5 *Day's Connecticut Reports*, 511, the same is again laid down, on the authority of the case of *Mason vs. Rumsay*.   There are other cases that hold an acceptance by a member of a firm in a name other than the firm name, to raise a question of fact, to be

left to the jury, whether the name used substantially describes the firm, or whether it so far varies that the acceptor must be taken to have made it on his own account. *See Faith vs. Richmond*, 11 *Adolph. & Ellis.* 338-39; *Eng. Com. Law Rep.*, 113; *Drake vs. Elwyn*, 1 *Caine's Rep.*, 184.

Acceptances could formerly be made by parol, which was the law in Connecticut at the time of the decision cited from 5 *Day*, and that point is expressly made by the Court in deciding the case. The same may be said of the case of *Mason vs. Rumsay*, which was decided before the statute of 1 & 2 *Geo.* 4, *chap.* 78, *sec.* 2, which provided that acceptances to be valid, must be in writing. Even after this statute the English courts have held that the word " accepted," written on the bill by one having authority, is sufficient to bind the drawees. The only principle upon which the courts have held that an acceptance by one partner in his own name will bind the firm, is the implied authority which each member has to act for the whole, and when the bill is drawn upon the firm and accepted by one, they hold that he intended to accept it as drawn.

I find one English case decided in the Court of Exchequer in 1841, which holds a doctrine much more in accordance with our views of the principles which should govern the question. In *Kirk vs. Blurton*, 9 *Meeson & Welsby's Rep.*, 283, the Defendants were partners under the name of " John Blurton." One of the firm drew a bill in the name of " John Blurton & Co." The firm was sued upon it, and the partner who did not draw the bill defended. *Faith vs. Richmond, Mason vs. Rumsay*, and other cases, were cited. ALDERSON, B., in delivering the opinion, says, " The Court do not entertain any doubt as to the principles of law applicable to this case. One partner can bind his co-partner only to the extent of the authority which is given to partners generally, to enable them to carry on the partnership business," which authority he says, in another part of the opinion, is " to bind the firm *in the name of the partnership and in that only.*"

Since the passage of our statute on the subject of acceptances, no inferences can be indulged in. To make an acceptance valid, it must be in writing, signed by the acceptor or

his lawful agent. Mr. Nash, as a partner of the firm of Nash & McGrorty, had a right to accept the bill for the firm by virtue of his general powers as a partner, but this power of a partner is to bind the firm by the use of the firm name, and in no other way. This he did not do, and we are clear that the acceptance cannot be held to bind the firm.

We are next to consider whether the Defendant can be held as acceptor individually. It is a well settled rule of commercial law, that no one can accept a bill but the person upon whom it is drawn, except for honor. *Polhill vs. Walter*, 3 *Barn. & Adolph*, 114; *Davis vs. Clark*, 1 *Carrington & Kirwin*, 177; *May vs. Kelly & Frazier*, 27 *Alabama*, 497. If a bill is drawn upon A., and B. accepts it, the act is merely voluntary, without any consideration, and creates no liability whatever in the law. It is allowed for the convenience of commerce, that a person, other than the drawee, may, after presentation, refusal and protest, accept, for the honor of the drawer, or any of the endorsers, or of all the parties as he may see fit; but this is a well understood transaction, and is done *supra protest*, and under certain well settled forms and ceremonies. There is no pretence that Mr. Nash was such an acceptor of the bill in question.

Where a bill is drawn upon several individuals, an acceptance by any one of them is binding upon him, although the bill may be treated, and should be, as dishonored, if not accepted by all the drawees, because the holder is entitled to the acceptance of them all, but in such case a liability accrues against the party accepting, because he is a drawee, as much as if the bill had been drawn upon him alone. Where, however, the bill is drawn upon a firm, any member of the partnership, in his individual capacity, is quite as much a stranger to the same as a third person. He is only connected with the bill through his membership of the firm, which is drawee, and in virtue of such membership he has power to use the firm name in accepting it. If he accepts it in his individual name he does not bind the firm, and there is no consideration for his act. It is the case of a bill drawn on one party and accepted by another.

The Court, in deciding the case below, after stating that

" if one of several parties to whom a bill is addressed, accepts the same, such acceptance will bind him," adds in another part of the opinion, " It can hardly be said that one of two or more partners, upon whom a bill is drawn, is so far a stranger to the bill that an acceptance will not bind him. If one of several persons between whom no business relations exist, can bind himself, by accepting a bill drawn on all, it is not perceived why any one of several partners may not do the like." We have endeavored to show the error of this position above. In the case of a bill drawn upon several individuals " between whom no business relations exist," each is a drawee in his invidual capacity, and competent as such to accept ; but in the case of a bill drawn upon a firm, the association and not the individual members thereof, is the drawee, and on acceptance by one member in his own name, is not an acceptance by the drawee.

The complaint is demurrable, and the demurrer should have been sustained.

Order overruling demurrer reversed.