47 385
112 133

CHARLES WALTON v. OSCEOLA M. BAGLEY AND JAMES N. HOLLYWOOD.

*Payment, by purchaser on foreclosure, of taxes and insurance.*

If, before foreclosure, a mortgagee pays taxes and insurance which the mortgager ought to have paid, the sum paid may be included in the amount for which he forecloses, even though the insurance was taken for the full period allowed for redemption.

Where a purchaser on foreclosure, by way of keeping good his lien during the period of redemption, pays taxes and insurance which, under the mortgage, the mortgager himself was bound to pay, he cannot, when farther instalments fall due, again resort to the power of sale for the purpose of securing re-payment. The power is exhausted by the original foreclosure, and redemption may be had on paying the amount bid at the sale, with interest.

47 MICH.—25

Appeal from Genesee. Submitted October 25, 1881. Decided January 11, 1882.

FORECLOSURE. Defendant Hollywood appeals. Reversed; bill dismissed.

*J. L. Topping* for complainant. A stipulation in a mortgage to insure for the mortgagee's benefit is an adjunct to the mortgage.: *Miller v. Aldrich* 3 Mich. 408; *Hosley v. Holmes* 27 Mich. 416; Thomas on Mortgages 179; and are in the nature of mortgages for future advances, which are held good: *Brinkerhoff v. Marvin* 5 Johns. Ch. 320; *Ladue v. D. & M. R. R.* 13 Mich. 380; *Crane v. Deming* 7 Conn. 387; or are like a mortgage for separate instalments where each instalment, under Comp. L. § 6913, is a separate mortgage: *McCurdy v. Clark* 27 Mich. 445; where the payment of taxes assessed on real estate is necessary to protect the security, the mortgagee may pay them and have the amount added to the mortgage debt: *Mix v. Hotchkiss* 14 Conn. 32; *Williams v. Hilton* 35 Me. 547; *Page v. Foster* 7 N. H. 392; *Kortright v. Cady* 23 Barb. 497; money so paid, between sale on foreclosure and redemption, becomes a lien by virtue of the stipulation in the mortgage: *Allison v. Armstrong* (Minn.) 9 N. W. Rep. 806.

*Geo. H. Prentis* for defendant Hollywood. A purchaser from a mortgager can redeem from foreclosure: *Kimmell v. Willard* 1 Doug. (Mich.) 219; *Carter v. Lewis* 27 Mich. 241; and on the redemption he acquires all the rights of a prior mortgagee: *Johnson v. Johnson* Walk. Ch. 332; *Vroom v. Ditmas* 4 Paige 526; foreclosure extinguishes a mortgage lien, and so does payment or tender before foreclosure, or payment by way of redemption after foreclosure: *Caruthers v. Humphrey* 12 Mich. 270; *Moynahan v. Moore* 9 Mich. 9; *Sager v. Tupper* 35 Mich. 134; redemption gives the property free from incumbrance: *Wright v. Garrison* 40 Mich. 50.

MARSTON, J. The complainant holding a mortgage given by defendant Bagley upon certain real estate under which

it was the duty of the mortgagor to pay taxes, and keep the buildings upon the property insured for the benefit of the mortgagee, upon default in paying the amount secured thereby, foreclosed the same by advertisement, and at the sale bid in the property for the amount of the debt and costs. Shortly afterwards the mortgagor having neglected to pay the taxes or renew the insurance thereon, complainant paid the taxes and renewed the insurance at an expense of $44 and some cents. The foreclosure sale was made February 14, 1879, and the taxes and insurance paid on the 26th and 28th of the same month.

In November, 1877, defendant Bagley being indebted to defendant Hollywood, gave him a subsequent mortgage upon the premises and on the 10th of October, 1878, Bagley conveyed the mortgaged premises to Hollywood, and the latter, on the 10th day of February, 1880, redeemed the premises from the foreclosure sale of February 14, 1879, made by Walton, by paying to the register of deeds of the proper county the amount for which the sale was made with interest, but although knowing of the sums paid by complainant after the sale, for insurance and taxes, declined to pay the same. Whereupon complainant files his bill to foreclose the mortgage given him by Bagley for the purpose of collecting the amount of taxes and insurance as above.

Where provisions are inserted in a mortgage, authorizing the mortgagee to pay taxes and insurance in case the mortgagor neglects, and that the money thus paid shall be a lien upon the premises, the primary object is to protect the interest of the mortgagee until the full payment or collection of his claim. This can be fully accomplished only by giving the mortgagee the right after a sale has been made and pending redemption to pay the taxes or insure the property. Where this is done before foreclosure proceedings are commenced the amount may be included, even although the insurance effected may include the full period allowed for redemption. And if he may so insure the day before he commences proceedings to foreclose, why may he not afterwards, and be protected by his mortgage? This at first view would seem to be equitable and plausible.

There are, however, other considerations which cannot be overlooked. If at the foreclosure sale in this case a stranger had become the purchaser, subject to the right of the mortgagor, or those claiming under him, to redeem, clearly such a case, neither the mortgagee nor the purchaser could, by paying taxes or insuring the premises or buildings thereon, claim the protection sought in this case. The mortgagee certainly could not because he would no longer be interested in the premises, and while payment of the taxes would be for the interest of the purchaser, it may be very questionable whether the insurance effected would inure to his benefit. But the purchaser, if a third party, should he pay taxes or insure the buildings, could not in case of redemption obtain the relief here sought, and yet equally good reasons might be advanced for his protection as could for that of the mortgagee. Where mortgaged premises have been sold, and are not subject to future instalments to become due upon the mortgage, the mortgagee, if he bids off the premises, stands thereafter in the relation of a purchaser, and the rights of the respective parties in interest are thereafter fixed, regulated and controlled, not by the terms and conditions of the mortgage, but by the laws of the land. It is highly probable that the purchaser at such a sale, and before redemption, has an insurable interest in the premises, and certainly he may pay taxes assessed thereon or redeem. This however he does for his own protection, and if the premises are afterwards redeemed he cannot claim that the mortgage is still a subsisting security for the amount paid by him.

If the taxes and insurance premium paid are to be treated as a subsequent instalment falling due, then the mortgage may be made to operate as a perpetual encumbrance by the mortgagee paying taxes and insuring the property pending foreclosure proceedings, and after redemption proceeding again to foreclose therefor, and so on *ad infinitum*, ending only by the mortgagor's paying the demand or failing to redeem. The mortgage given in this case after a foreclosure and sale, regular in form, was no longer operative,

and parties interested in the premises had a right, within a certain period thereafter, to redeem by paying to the register of deeds in whose office the sheriff's deed is deposited, the sum which was bid therefor, with interest from the time of the sale (Comp. L. § 6922) and upon such payment being made, the register shall enter in the margin of the record of such mortgage that it is satisfied. § 6923.

In my opinion the power of sale contained in the complainant's mortgage was by the foreclosure proceedings exhausted, and the complainant cannot have the relief sought in the present case, and the decree below should be reversed and the bill dismissed with costs.

The other Justices concurred.

---

See *Connecticut Mut. L. Ins. Co. v. Bulte* 45 Mich. 113.