EMMA C. GORHAM v. NATIONAL LIFE INSURANCE COMPANY.[1]

Nov. 4, 1895.

Nos. 9396—(49).

**Mortgage—Foreclosure—Taxes.**

The defendant, the owner of two mortgages on the plaintiff's land, after
the publication of notices of foreclosure sale had been commenced, but
before the day of sale, paid the taxes on the mortgaged premises, which·
were then due, and had been from a time prior to any publication of the
notices, which stated that the premises would be sold to pay the debt se-
cured, interest, and taxes on the premises. *Held,* that the defendant was
entitled to have paid to him, from the proceeds of the sale of the premises
on such foreclosures, the amount of the taxes so paid.

Appeal by plaintiff from a judgment of the district court for Hen-
nepin county, in favor of defendant, entered in pursuance of the find-
ings and order of Jamison, J.    Affirmed.

*Smith, Pulliam & Smith,* for appellant.

*Hahn & Hawley,* for respondent.

[1] Reported in 64 N. W. 906.

START, C. J. The defendant was the owner of two mortgages,. containing the usual power of sale, on real estate owned by the plaintiff, and proceeded to foreclose them by advertisement, in default of the payment of the principal and interest secured thereby. Each of the mortgages contained a covenant on the part of the mortgagors to pay all taxes on the mortgaged premises as they became due, and upon their default in this respect the mortgagees or their assigns were authorized to pay the taxes, and tack the amount so paid as an additional lien on the premises, to remain secured by and as a part of the mortgage, and to foreclose the same at the same time and in the same manner as for the original mortgage debt. The notices of the foreclosure sales were in the usual form, and each stated that the premises would be sold to pay the mortgage debt, interest thereon, and the taxes on the premises. Prior to the publication of the notices of sale, the defendant had paid no taxes on the premises, but after the publication had been commenced, and before the sale thereunder, it paid the taxes then due and unpaid on the mortgaged premises, in the aggregate sum of $1,018.48, which taxes were so due and unpaid when the foreclosure proceedings were commenced. The premises brought enough at the sales to pay the principal and interest of the mortgages, the amount of taxes paid by the defendant, and the costs and attorney's fees on the foreclosure. There was no surplus arising from the sales, after paying these several items. The defendant was the purchaser at the foreclosure sales.

The plaintiff brought this action to recover from the defendant the amount so paid for taxes, as surplus over the amount due defendant on the foreclosure of the mortgages. The trial court found the facts to be substantially as we have stated them, and, as a conclusion of law, ordered judgment for the defendant, from which plaintiff appealed.

The record presents only one question for us to answer: Was the defendant legally entitled to retain, or have paid to it, from the proceeds of the mortgage foreclosures, the amount so paid by it for taxes? There is no question as to the regularity of the foreclosure proceedings, for the plaintiff confirms them by her action for the alleged surplus, and the only question is as to the application of the proceeds arising from a foreclosure sale of mortgaged

premises in all respects regular and valid. Neither is there any controversy as to the validity of the taxes, their amount, the fact that they were a lien upon the premises superior to that of the mortgages, or that the defendant paid them to protect its lien.

The plaintiff stands upon the proposition that because the defendant did not pay the taxes before commencing the foreclosure proceedings, and state the amount so paid in the notice, it must pay to her the amount paid by it to lift the lien from her property in order to protect its own lien. Surely, a claim so inequitable must be clearly shown to have the support of strict legal right, before it can be granted. If the taxes had been paid before the notice of foreclosure sale was published, then they would be a part of the mortgage debt then due, and it would have been necessary to state in the notice the amount so paid; but where they are paid after the notice is published, and before the sale, the amount cannot be stated in the notice, and is not required to be. G. S. 1894, § 6033, subd. 3. It is the amount claimed to be due on the mortgage at the date of the notice of sale, and not the total amount secured by the mortgage, and not then due, which must be stated in the notice. If the amount paid for taxes in this case became and was a part of the mortgage debt before the sale, then it must be paid from the proceeds of the sale before any surplus can be returned to the mortgagor. Id. § 6046. The fact that this amount had no existence at the date of the notice of sale so that it could and must have been stated in the notice in no manner affects the right of the mortgagee to pay the taxes at any time before the sale, and tack the amount to the mortgage debt.

The statute and the mortgage secure to the mortgagee the right to pay the taxes at any time before the mortgage debt is extinguished, and when he does so pay, the amount thereof is a part of the mortgage debt,—an additional lien on the premises,—"collectible with, as a part of and in the same manner as the amount secured by the original lien." Id. § 1619. The original lien or debt is collectible by a sale of the mortgaged premises and paying the amount thereof from the proceeds of the sale, and the amount paid for taxes, being a part of this mortgage debt, must be paid with and as a part of it. Now, to test the accuracy of the proposition that the amount paid for taxes in this case was, on the day of sale,

a part of the mortgage debt, let us suppose the mortgagor, after the payment of the taxes, and before the day of sale, desired to make a tender of the amount due on the mortgages and demand releases. Would the tender be good if it included only the amount claimed to be due in the notice of sale and costs? If, so, then in cases where only the interest or a single instalment of a mortgage is due at the date of the notice, and only this amount is claimed to be due in the notice, the mortgagor may demand a release on tendering the amount stated in the notice, and costs, without paying the balance secured by the mortgage. Again, suppose the premises in this case sold for less than the amount due on the mortgages, including taxes paid, and the proceeds of the sale were applied on payment of costs of sale, and the balance as a payment on the amount of the mortgage debt, including taxes paid, and an action was brought against the mortgagor for the deficiency, which just equaled the amount of taxes paid. Would an answer stating that the mortgagee paid the taxes; that they were a valid lien on the mortgaged premises, but they were paid after the notice of foreclosure was published, but before the foreclosure of the mortgage by a sale of the premises,—allege a defense? If it would, what becomes of the contract right of the mortgagee to pay the taxes at any time before the mortgage debt is extinguished, and tack the amount paid to the debt, and of the statute conferring the same right? It is clear, and we so decide, that the amount paid by the defendant in this case for taxes became at the time of the payment, and not before, a part of the mortgage debt, and was properly paid, as a part thereof, out of the proceeds of the sale.

Counsel for appellant relies upon several former decisions of this court, which, he claims, sustain his contention to the contrary, but a casual examination of these cases will disclose that none of them are in point. They simply hold that the mortgagee who pays taxes on the mortgaged premises must enforce their payment as a part of the mortgage debt, and not otherwise; that he has no personal claim against the mortgagor for their repayment, and, if he pays them after the mortgage debt is extinguished by a sale of the premises by virtue of the mortgage, he can neither tack the amount paid to the amount for which the premises sold, nor enforce a separate and independent lien to secure its payment. In the case of Nopson v. Horton, 20

Minn. 239 (268), in which the previous cases on this subject are cited, the mortgagee, after his foreclosure sale, at which he was the purchaser, and before the time for redemption expired, paid the taxes on the mortgaged premises. A second mortgagee redeemed by paying to the sheriff the amount for which the premises sold, with interest, and received the usual certificate of redemption. The purchaser —originally the first mortgagee—brought an action to cancel the certificate of redemption, on the ground that the amount paid to redeem was insufficient, for the reason that it did not include the taxes so paid; and it was held that the amount paid as taxes after the foreclosure sale could not be tacked to the sum for which the premises sold at the foreclosure sale. In the case of Kirkpatrick v. Lewis, 46 Minn. 164, 47 N. W. 970, and 48 N. W. 783, the question was as to the validity of a foreclosure by advertisement, where the only reference to taxes in the notice was that the premises would be sold to pay the mortgage debt, interest, and taxes, if any, on the premises, and not as to the application of the proceeds of a mortgage sale conceded to be valid.

Judgment affirmed.

CANTY, J. (concurring). I see no reason why the mortgagee may not pay the taxes on the mortgaged premises after he has commenced the publication of notice of the foreclosure sale, and before the sale, and retain the amount thus paid out of the proceeds of the sale, if the general public, at the time and place of sale, are given sufficient notice of that fact, so that the mortgagee will have no advantage over the general public, in bidding at the sale. But, if no such notice is given, it must be presumed that the general public will bid on the property supposing it to be subject to the incumbrance of the unpaid taxes, while the mortgagee knows that he is bidding for the property free of that incumbrance. And when no such notice is given, it should be held that the mortgagee cannot take advantage of his own wrong or neglect, and retain the amount thus paid for taxes out of the proceeds of the sale. But it does not appear in this case that the mortgagee had any such unfair advantage over the public, and for that reason I concur in the result arrived at in the foregoing opinion.