## GRANT WYATT v. MARY G. QUINBY.[1]

July 17, 1896.

| 65 | 537 |
| 69 | 227 |

Nos. 10,010—(245).

**Foreclosure of Mortgage—Payment of Taxes after Sale.**

The defendant, as assignee of a mortgage on land owned by the plaintiff, foreclosed the same by advertisement, by a sale of the premises, at which she was the purchaser. After the sale she paid taxes which were due at the date of the sale on the premises so purchased. *Held*, in an action by the plaintiff to recover an alleged surplus of the proceeds of such sale, construing G. S. 1894, §§ 1619, 6046, that the defendant was not entitled to retain from such proceeds the amount of the taxes so paid.

**Same—Affidavit of Costs and Disbursements as Evidence.**

The attorney foreclosing the mortgage included in his affidavit of costs and disbursements filed pursuant to G. S. 1894, § 6051, a statement of the amount of the taxes paid. *Held*, that such affidavit was not admissible in evidence to establish the fact and time of such payment.

**Findings Sustained.**

Evidence considered, and *held* to sustain the findings of fact of the trial court.

Appeal by defendant from an order of the district court for Hennepin county, Russell, J., denying a motion for a new trial, and also from a judgment in favor of plaintiff. Affirmed.

*Chas. J. Bartleson* and *Wm. Peet*, for appellant.

*Smith, Pulliam & Smith*, for respondent.

START, C. J.[2] Action to recover a surplus upon a sale of mortgaged premises on foreclosure by advertisement.

The material facts, as found by the trial court, are substantially these: The defendant was the assignee of a mortgage upon certain real estate owned by the plaintiff, which she foreclosed on March 19, 1894, by advertisement. The notice of foreclosure was in the usual form, and stated that the premises would be sold to pay the principal and interest on the mortgage, and any further sums paid by her for taxes. Pursuant to such notice, the mortgaged premises were, on the day named, sold to the defendant for the sum of $6,149.

---

[1] Reported in 68 N. W. 109.    [2] Mitchell, J., took no part.

There was then due to her, as principal and interest on the mortgage, $5,335.06, and $87.50 for insurance paid by her, and the expenses of the foreclosure were $112.60. The defendant had not paid any taxes prior to such sale, but on or about April 5, 1894, she did pay, for taxes on the premises so purchased by her, the sum of $603.84.

Upon these findings the trial court, as a conclusion of law, found that the plaintiff was entitled to recover from the defendant the sum of $603.84, and ordered judgment accordingly. The defendant moved for a new trial, which was denied, and judgment was entered in accordance with the trial court's conclusions of law. The defendant appealed from both the order and judgment.

The only respect in which the court's findings of fact are challenged by the defendant is the finding that the taxes were not paid until after the foreclosure sale, and about April 5, 1894; that is, some 17 days thereafter. The records of the county auditor's office were received in evidence without objection, and showed that the taxes in question were paid April 5, 1894. The attorney who foreclosed the mortgage, after seeing such records, testified that he would not attempt to say that the records were not correct, but that it was his intention to pay the taxes at the time of the sale, and, to the best of his recollection, he did so. He had previously testified that he had done so. Upon the whole evidence, it is difficult to see how the trial court could have found otherwise than it did; but, in any view of the case, the finding is amply sustained by the evidence.

The attorney foreclosing the mortgage, in his affidavit of costs, disbursements, and attorney's fees, made on the day of sale, included in a statement attached to the affidavit the taxes here in question, as having been actually paid. This affidavit was offered as original evidence, and excluded by the court. This ruling is assigned as error. It was correct. The taxes claimed to have been paid were no part of the "costs and disbursements, including attorney's fees embraced in the foreclosure sale," which the statute (G. S. 1894, § 6051) requires to be set forth in the affidavit to be made and filed within ten days after the foreclosure. As to the taxes, it is simply the voluntary, ex parte statement of the person making the affidavit,—just as much so as if the statement had been as to the amount due on the note secured by the mortgage. Whether, in the absence of any statement so providing, the affidavit would be admissible in evidence as

proof, prima facie, of the costs and disbursements on the foreclosure, we do not suggest any opinion.

Practically, the only question presented by the record for our decision is this: Can a mortgagee, after a foreclosure of his mortgage by advertisement, and a sale of the mortgaged premises, pay taxes due thereon at the date of the sale, and reimburse himself for the amount so paid from the proceeds of the sale of the premises?

The claim of defendant's counsel is that the mortgagee has this right, under the provisions of G. S. 1894, § 6046, which reads thus:

"If after sale of any real estate made as herein prescribed, there remains in the hands of the officer making the sale any surplus money, after satisfying the mortgage on which' such real estate was sold, and payment of the tax and cost of sale, the surplus shall be paid over by said officer, on demand, to the mortgagor, his legal representatives or assigns."

This statute does not authorize the sheriff to pay the taxes due on the mortgaged premises, or pay the amount thereof to the mortgagee from the proceeds of the sale, without reference to whether or not the taxes have been paid before the foreclosure sale. If such was the meaning of the statute, then, in cases where the mortgagee had not paid the taxes, and did not intend to, and the premises were sold on the foreclosure to a third party, for just the amount of the mortgage debt and costs of foreclosure, the sheriff could pay the taxes for the benefit of the purchaser, and turn over the tax receipts to the mortgagee, as a part of the purchase price of the premises. It can make no difference, in such a case, as to the right of the sheriff to pay the taxes from the proceeds of the sale, whether the mortgagee or a third party is the purchaser.

But section 6046 must be construed in connection with G. S. 1894, § 1619, which provides that:

"Any person who has a lien by mortgage or otherwise, upon any real property on which the taxes have not been paid, may pay such taxes and the interest, penalty and costs thereon; and the receipt of the county treasurer shall constitute an additional lien on such land * * * and the amount so paid * * * shall be collectible with, as a part of, and in the same manner as, the amount secured by the original lien."

The construction of this section 1619 has been so frequently and recently considered in this court that we need not here repeat our

views in respect to it. Reading section 6046 in connection with section 1619, as we construed it in Gorham v. National Life Ins. Co., 62 Minn. 327, 64 N. W. 906, and previous cases, the meaning of the former is clear. It is the taxes which have been paid by the mortgagee or assignee prior to the foreclosure sale, pursuant to section 1619, which are to be paid from the proceeds of the sale in the hands of the sheriff, and none others, before the surplus is paid to the mortgagor. While this precise point was not necessarily involved in the cases to which we have referred, yet the construction therein given to these sections of the statute leads directly to the conclusion we have stated, to the effect that the mortgagee who purchases the mortgaged premises at the foreclosure sale cannot, after the sale, pay the taxes, and have the amount thereof paid to him out of the proceeds of the sale. No taxes paid subsequent to the foreclosure of the mortgage by a sale of the premises can be deducted from the proceeds of the sale, as against the mortgagor. Spencer v. Levering, 8 Minn. 410 (461); Nopson v. Horton, 20 Minn. 239 (268); Gorham v. National Life Ins. Co., 62 Minn. 327, 64 N. W. 906.

We recognize the hardship of this particular case, and the good faith of the attorney who foreclosed the mortgage, but the plaintiff's claim has the support of strict legal right.

Order and judgment affirmed.