WILLIAM HAMEL v. THOMAS G. CORBIN.[1]

July 9, 1897.

Nos. 10,575—(215).

**Mortgage—Foreclosure by Advertisement—Taxes Paid—Notice.**

 A mortgagee paid the taxes on the mortgaged premises before he commenced proceedings to foreclose by advertisement, but he did not state in his notice of sale the amount claimed for taxes paid at the date of the notice. His mortgage authorized him, in case of its foreclosure, to deduct from the money arising from the sale all sums paid by him for taxes, and in his notice of sale he stated that the premises would be sold to pay the principal and interest of the mortgage debt, and any sums paid for taxes or insurance. He was the purchaser at the sale, and included in his bid the full amount of his debt, including the sum paid for taxes and insurance. *Held*, that he was entitled to retain from the proceeds of the sale the amount of the taxes so paid.

**Same—Insurance Premium.**

 On the morning of the sale he paid the premium for insurance on the premises covering the period of redemption, but, it not appearing that such insurance was for the benefit of the mortgagor as well as himself, *held*, that he was not entitled to retain the amount paid for such insurance from the money arising from the sale.

Appeal by defendant from an order of the district court for Hennepin county, Belden, J., denying his motion for a new trial after the court had ordered judgment for plaintiff. Reversed.

*William Peet* and *Wilson & Van Derlip*, for appellant.

Defendant insists that G. S. 1894, § 6033, prescribing what the notice of foreclosure shall contain is purely remedial. That it is not intended to prescribe or bound the contract powers or rights of parties to mortgages (that is, to make a contract in advance for them), but is intended solely to prescribe a remedy, or a mode for the enforcement of the rights upon which the parties have themselves agreed.

When the territory of Minnesota was created, the laws in force in Wisconsin remained in force in the new territory, and R. S. 1851,

1 Reported in 72 N. W. 106.

c. 85, was a re-enactment of the Wisconsin statute, and was entitled, "Of the foreclosure of mortgages by advertisement." Section 13 of that revision (now G. S. 1894, § 6046) provided that the person making the sale should pay to the mortgagor any surplus "remaining after satisfying the mortgage on which such real estate was sold and the costs and expenses of such foreclosure sale." This chapter became chapter 75 of the compilation known as "Public Statutes 1858," and the section referred to remained unchanged. The first enactment of the Minnesota legislature upon the subject was Laws 1858, c. 61, entitled "An act to regulate the foreclosure of real estate." That act merely provided for redemption by creditors of mortgagors and judgment creditors. The next enactment was Laws 1860, c. 87, bearing precisely the same title, and also prescribing conditions for redemption. The revision of 1866 changed the number of chapter 75 to chapter 81 (entitled, "Foreclosure of Mortgages,") and inserted for the first time in section 13 (section 18 of the revision) a provision respecting taxes, by making the section read that the surplus to be paid to the mortgagor should be the sum remaining "after satisfying the mortgage on which such real estate was sold, and payment of the taxes and costs of sale."

By Laws 1877, c. 121, "An act to repeal title 1 of chapter 81 of the revision of 1866, except sections 3, 4, 9, 11, 14, 15 and 17, relating to foreclosure of mortgages," foreclosure by advertisement was abolished; but Laws 1878, c. 53, entitled "An act providing for the foreclosure of mortgages on real estate by advertisement," substantially re-enacted the law repealed the previous session. Webb v. Lewis, 45 Minn. 285.

The legislative purpose in enacting these laws is to be gleaned largely from the titles thereof, and we submit that "An act to regulate the foreclosure of real estate," and "An act providing for the foreclosure of mortgages on real estate by advertisement," can only be indicative of the intention of the legislature to prescribe a method by which such foreclosure can be effected, and cannot be construed as indicating a legislative intention to limit the powers of mortgagors and mortgagees to agree upon the terms of their own contracts. See Lynott v. Dickerman, 65 Minn. 471; Clifford v. Tomlinson, 62 Minn. 195; Webb v. Lewis, supra; Butterfield v. Farnham,

19 Minn. 58 (85).    Johnson v. Northwestern, 60 Minn. 393, is not opposed to this view.

Section 6033 having reference solely to the forms of notice in a foreclosure proceeding, its observance or nonobservance affects merely the validity of the sale attempted to be made under it; and its provisions have no force to determine one way or the other the amount in which the mortgagee shall be reimbursed from the proceeds of the sale.    The only cases which are reported in which a failure properly to state the amount claimed to be due under the mortgage has been held by the courts to be material, are actions which have been instituted to set aside and declare void mortgage foreclosures attempted to be made by advertisement.    Spencer v. Annan, 4 Minn. 426 (542); Ramsey v. Merriam, 6 Minn. 104 (168); Butterfield v. Farnham, supra; Menard v. Crowe, 20 Minn. 402 (448); Mason v. Goodnow, 41 Minn. 9; Bowers v. Hechtman, 45 Minn. 238.

The mortgage was the contract between the parties, and its terms control their rights.    The foundation of a suit to recover surplus moneys in the hands of a mortgagee is that he has received and retains money belonging to the plaintiff which in good conscience and equity he ought to pay over to him.    Bailey v. Merritt, 7 Minn. 102 (159); Spottswood v. Herrick, 22 Minn. 548; Bidwell v. Whitney, 4 Minn. 45 (76); Seiler v. Wilber, 29 Minn. 307.    The terms of the contract decide the rights of the parties and they alone.    Spencer v. Annan, supra; Culbertson v. Lennon, 4 Minn. 26 (51); Bidwell v. Whitney, supra; Banker v. Brent, 4 Minn. 408 (521); Ramsey v. Merriam, supra; Bennett v. Healey, 6 Minn. 158 (240); Bailey v. Merritt, 7 Minn. 102 (159); Martin v. Lennon, 19 Minn. 45 (67); Menard v. Crowe, supra; Spottswood v. Herrick, supra; Fowler v. Johnson, 26 Minn. 338; Seiler v. Wilber, supra; Bowers v. Hechtman, supra; Webb v. Lewis, supra; Fagan v. Peoples, 55 Minn. 437; Lane v. Holmes, 55 Minn. 379; Gorham v. National, 62 Minn. 327; Gair v. Tuttle, 49 Fed. 198; Schmidt v. Smith, 57 Mo. 135; Holcombe v. Richards, 38 Minn. 38.    In the case at bar the notice substantially complied with the statute in stating that the property would be sold for the taxes, if any, paid by the mortgagee.    Jones v. Cooper, 8 Minn. 294 (334); Trafton v. Cornell, 62 Minn. 442; Butterfield v.

69 M.—15

Farnham, supra; Bausman v. Faue, 45 Minn. 412; Gorham v. National, supra.

*Smith, Pulliam & Smith,* for respondent.

The taxes paid by defendant and the amount of which he seeks to offset against plaintiff's demand were paid long before the publication of the foreclosure notice, and were not demanded or claimed in that proceeding. The law of this case is found in G. S. 1894, §§ 1619 and 6033 and in the following decisions: Spencer v. Levering, 8 Minn. 410 (461); Gorham v. National, 62 Minn. 327; Martin v. Lennon, 19 Minn. 45 (67); Wyatt v. Quinby, 65 Minn. 537; Kirkpatrick v. Lewis, 46 Minn. 167. Other courts have followed the same rule. Walton v. Bagley, 47 Mich. 385; Vincent v. Moore, 51 Mich. 618; Davis v. Dale, 150 Ill. 239; Hanson v. Dunton, 35 Minn. 189; Thompson v. Myrick, 24 Minn. 4; Pierro v. St. Paul, 37 Minn. 314; Pierro v. St. Paul, 39 Minn. 451; Walton v. Bagley, supra; Vincent v. Moore, supra; Hitchcock v. Merrick, 18 Wis. 357; Vipond v. Townsend, 88 Wis. 285; Johnson v. Payne, 11 Neb. 269; Gorham v. National, supra.

START, C. J.

This is an action to recover an alleged surplus in defendant's hands arising from a sale upon mortgage foreclosure of property owned by plaintiff's assignor. Judgment was ordered for the plaintiff, and the defendant appeals from an order denying his motion for a new trial.

The facts are undisputed, and are these: The defendant on June 30, 1894, was the owner of a real-estate mortgage, made by the plaintiff's assignor, which was in the usual form and contained the usual power of sale and covenants to pay taxes and insurance, and authorized the mortgagee, in case of foreclosure, to deduct from the money arising from the sale of the mortgaged premises all sums paid for taxes and insurance. On the day named the defendant proceeded to foreclose his mortgage by advertisement. His notice of foreclosure stated the amount claimed to be due for principal and interest on the mortgage, and, further, that the mortgage would be foreclosed, and the premises sold, on August 13, 1894, to pay the principal and interest, and "any sums paid for taxes or insurance

on said mortgaged premises." Default was made by the mortgagor in the payment of the taxes on the premises prior to the commencement of such foreclosure proceedings, and the defendant prior thereto had in fact paid such delinquent taxes in the sum of $1,325.79, but he failed to state in his notice of foreclosure sale any amount claimed to be due for taxes paid by him on the premises. The owner of the mortgaged premises kept them insured, with loss, if any, payable to the mortgagee, until August 2, 1894, when he directed the insurance to be canceled, and the defendant was notified that it would be so canceled in ten days. Thereupon the defendant ordered insurance to be written for one year, to take effect from the date of the cancellation of the prior insurance, and the policies therefor were delivered to him on Monday, August 13, the morning of the sale, and he then paid therefor $120 as premium. The mortgaged premises were sold pursuant to the notice of foreclosure sale, and were purchased by the defendant for the amount due on his mortgage for principal, interest, costs of sale, and the amount so paid for taxes and insurance. He retained from the proceeds of the sale the amount so paid by him for taxes and insurance. This amount is the alleged surplus for which the trial court ordered judgment. It was stipulated by the parties that the foreclosure was regular and valid.

1. Was the defendant entitled to deduct from the proceeds of the sale of the mortgaged premises the amount so paid for the taxes? If the taxes had been paid after the sale, they could not have been so deducted and retained by the mortgagee. Wyatt v. Quinby, 65 Minn. 537, 68 N. W. 109. If they had been paid after the publication of the sale had been commenced, but before the day of sale, the amount so paid could be deducted and retained. Gorham v. National, 62 Minn. 327, 64 N. W. 906. Neither of these cases are decisive of the one at bar, for in this case the taxes were paid before the commencement of the publication of the notice of sale, and the amount thereof could have been stated in the notice of sale, as required by section 6033, G. S. 1894, which reads:

"Every notice shall specify—First. The names of the mortgagor and of the mortgagee, and the assignee, if any. Second. The date of the mortgage, and when and where recorded. Third. The amount

claimed to be due thereon, and taxes, if any, paid by the mortgagee at the date of the notice. Fourth. A description of the mortgaged premises, conforming substantially to that contained in the mortgage. And, fifth. The time and place of sale."

A compliance with the requisites of the notice of sale as prescribed by this statute has been held several times by this court to be essential to a valid foreclosure of a mortgage by advertisement. Martin v. Baldwin, 30 Minn. 537, 16 N. W. 449; Clifford v. Tomlinson, 62 Minn. 195, 64 N. W. 381; Mason v. Goodnow, 41 Minn. 9, 42 N. W. 482. In the case last cited it was stated that the object of this statute, in requiring the amount claimed to be due on the mortgage to be stated in the notice of sale, is to inform interested parties how much is claimed against their property, so that they may take action accordingly. It would seem that the amount claimed for taxes paid before the date of the notice of sale ought to be stated in the notice, otherwise the foreclosure would be at least irregular. See Kirkpatrick v. Lewis, 46 Minn. 167, 47 N. W. 970, and 48 N. W. 783.

The effect of the noncompliance with the statute in this respect in this case, on the regularity of the foreclosure of the mortgage, is a question not involved in this case, and is not decided, for the validity of the foreclosure proceedings is conceded. But the question here is, what was the effect of the failure of the defendant to state in his notice of sale the specific amount paid by him for taxes at the date of the notice, on his right to include such amount in his bid for the mortgaged premises, and deduct such amount from the proceeds of the sale, as provided by his mortgage? Counsel for plaintiff cited six decisions of this court as explicitly sustaining his contention that the defendant was not entitled to deduct the amount so paid for taxes from such proceeds. The cases are: Spencer v. Levering, 8 Minn. 410 (461); Nopson v. Horton, 20 Minn. 239 (268); Martin v. Lennon, 19 Minn. 45 (67); Kirkpatrick v. Lewis, 46 Minn. 167, 47 N. W. 970, and 48 N. W. 783; Gorham v. National, 62 Minn. 327, 64 N. W. 906; Wyatt v. Quinby, 65 Minn. 537, 68 N. W. 109.

None of these cases directly supports the claims of either party to the present appeal. The first three hold, in effect, that taxes paid

by the mortgagee become a part of the mortgage debt, and are to be collected at the same time and manner as the original lien; and if the mortgagee, after his foreclosure sale, pays taxes, he cannot tack the sum paid to the sum for which the premises were sold at the foreclosure sale. See Nopson v. Horton, supra. In Kirkpatrick v. Lewis the question was as to the validity of the foreclosure, not as to the right of the mortgagee to retain the amount of taxes paid by him from the proceeds of the sale, where the amount thereof was included in his bid for the mortgaged premises. In Wyatt v. Quinby the question was as to the right of a mortgagee to retain the amount of taxes paid by him after the mortgage sale was made, and it was held that he could not so retain the amount. In Gorham v. National the mortgagee paid the taxes after the commencement of the publication of the notice of sale, and before the sale, and his mortgage provided for tacking the amount paid for taxes to the mortgage debt, and it was held that he might deduct the amount of the taxes from the proceeds of sale.

The precise question in this case is whether the mortgagee can deduct and retain from the proceeds of sale the amount paid for taxes before the commencement of the publication of the notice of sale where the specific amount so paid is not stated in the notice of sale, but it is stated therein that the premises will be sold to pay principal and interest, "and any sums paid for taxes or insurance on said premises." This question has never been decided by this court, although the logic of some of the previous decisions, especially the case of Gorham v. National, point to the conclusion that the defendant in this case rightfully deducted the amount paid for taxes from the proceeds of the sale. The taxes having been paid before the notice of foreclosure sale was published, it was necessary, as suggested in the Gorham case, in order to comply with G. S. 1894, § 6033, to state in the notice the amount claimed for taxes paid at the date of the sale.

It is true, as claimed by plaintiff, that when the defendant paid the taxes in this case they became a part of his mortgage lien, and that he could not split up his claim and lien secured by the mortgage, and foreclose for the principal and interest, and then for the amount of the taxes, for the amount paid for taxes was not a lien on the

premises apart from the mortgage. But such is not this case, for the premises were sold for the full amount due for principal and interest on the mortgage and for taxes paid. The intention of the defendant to foreclose his mortgage by a sale of the premises for taxes paid was given in the notice (but not in the form required by statute), and they were accordingly sold to pay the principal and interest due on the mortgage and for the taxes. Whatever the effect, if any, the irregularity in the notice of sale might have on the validity of the foreclosure, it does not deprive the defendant of his right to deduct, in accordance with the contract in his mortgage, from the proceeds of the sale of the premises, the amount paid by him for taxes, for such amount was included in, and was a part of, such surplus. The defendant, under the special facts of this case, had a legal right to retain from the proceeds of the sale the amount paid by him for taxes. His failure to state specifically the amount so paid in his notice in no manner prejudiced the right of the mortgagor or his assigns to contest, in this action for an accounting as to the surplus, the fact of such payment and the amount thereof.

2. The amount paid for insurance stands upon a different basis. It was paid on the morning of the sale, although the insurance was previously ordered, and it was for insurance covering the year allowed for redemption. It does not appear from the record that the policies were in the name of the mortgagor, with loss, if any, payable to the mortgagee as his interest might appear, or that the former had any interest therein. If such were the case, if a third party had purchased the premises, the defendant would not have been under any obligations to assign the policies to the purchaser, and the defendant could have surrendered them, and received back the insurance premium. Walton v. Bagley, 47 Mich. 385, 11 N. W. 209. If the defendant insured the premises during the year of redemption, for his exclusive benefit, he was not entitled to retain the amount so paid from the proceeds of the sale. Whether he could so retain the amount paid on the morning of the sale if the insurance was for the mutual benefit of the parties, is a question which it is unnecessary to decide. The burden was on defendant, on an accounting for the proceeds of the sale, to show that he was legally entitled to retain therefrom the $120 deducted for insurance paid by

him. The record does not show that he was entitled to retain this amount.

The order appealed from must be reversed, and the case remanded to the district court, with directions to amend its conclusions of law to the effect that the plaintiff is not entitled to recover the amount paid by the defendant for taxes on the mortgaged premises, but that he is entitled to recover the sum of $120 so retained for insurance, with interest thereon from August 13, 1894, with his costs and disbursements, and to enter judgment accordingly. So ordered.

CANTY, J. (dissenting).

I cannot concur in the foregoing opinion so far as it holds that the mortgagee is entitled to retain the amount of the taxes paid by him. These taxes were paid before the commencement of the foreclosure proceedings, and it was not stated in the notice of foreclosure sale that any such taxes had ever been paid, or the amount thereof. Section 6033, G. S. 1894, provides:

"Every notice [of sale on mortgage foreclosure] shall specify— * * * Third, the amount claimed to be due thereon, and taxes, if any, paid by the mortgagee at the date of the notice."

It is unnecessary to cite decisions holding that this statute must be strictly complied with, or the sale will be void when the irregularity affects the whole sale. When the irregularity does not affect the whole sale, but merely affects one item of the mortgagee's claim, the foreclosure is void as to that item, but valid as to all other items of the mortgagee's claim. This is the principle involved in Johnson v. Northwestern, 60 Minn. 393, 62 N. W. 381, and Brown v. Scandia, 61 Minn. 527, 63 N. W. 1040. But this is not a case of irregularity at all, but of total omission. A precisely similar notice of sale was construed on the reargument in Kirkpatrick v. Lewis, 46 Minn. 164, 47 N. W. 970, and 48 N. W. 783. The notice of sale stated that the premises would be sold to pay the debt and interest, "and the taxes, if any, on said premises." The court held that the words here quoted referred to taxes that might be paid after the commencement of the foreclosure proceedings or after sale, and not to taxes that had been paid before the commencement of such proceedings. The point decided was not obiter, in my opinion was

decided correctly, and the decision ought now to be followed as a rule of property. The mortgagee wholly omitted to foreclose for the taxes which he had paid before the commencement of the fore-closure proceedings, and has, therefore, waived his claim for such taxes. All of the prior decisions of this court point in that direc-tion. Even in Gorham v. National, 62 Minn. 327, 64 N. W. 906, it is stated by Chief Justice Start in delivering the opinion of the court, at page 329:

"It is the amount claimed to be due on the mortgage at the date of the notice of sale, and not the total amount secured by the mort-gage, and not then due, which must be stated in the notice. * * * The fact that this amount had no existence at the date of the notice of sale, so that it could and must have been stated in the notice, in no manner affects the right of the mortgagee to pay the taxes at any time before the sale, and tack the amount to the mortgage debt."

In my opinion, the order appealed from should be affirmed.