## ADOLPH SUCKER v. S. H. CRANMER and Another.[1]

October 9, 1914.

Nos. 18,737—(238).

**Redemption from mortgage sale — taxes paid — subrogation.**

A mortgage, containing stipulations that the mortgagees might pay taxes and charge the amount to the mortgagors, or at his option buy and hold in his own right tax title on the mortgaged premises, was foreclosed and at the sale plaintiff, the assignee of the mortgagee, bid in the premises for the amount of the debt and expenses of sale; while the year of redemption was running plaintiff redeemed from tax sales and paid taxes to prevent the penalty from being added, but through inadvertence failed to file and furnish the affidavit required by section 8172, G. S. 1913, so that defendants, the mortgagors, within the year, redeeming as owners, did so without reimbursing plaintiff. In this action to recover of defendants the sums thus paid by plaintiff subsequent to the sale and to enforce a lien therefor against the land, it is *held:*

That, even though the court cannot restore the statutory remedy lost through plaintiff's failure to comply with the requirements of the statute, and though it be conceded, without so deciding, that under the terms of the mortgage and the facts of the case no personal claim exists against defendants, still plaintiff's payment of the tax liens was, under the mortgage and statute, authorized and lawful, so that in equity he should be subrogated to the rights of the holders of such liens.

Action in the district court for Hennepin county to recover $425.-16 paid by plaintiff, and that the amount so paid with interest and costs of the action be decreed to be a specific lien against the real es-

1 Reported in 149 N. W. 16.

tate described. From an order, Jelley, J., sustaining defendant's demurrer to the complaint, plaintiff appealed. Reversed.

*H. R. Hewitt* and *C. J. Cahaley,* for appellant.

*S. H. Cranmer,* for respondents.

HOLT, J.

Plaintiff is the assignee of a real estate mortgage executed by defendants. The latter covenanted to pay the taxes and keep the buildings insured for further security, until all obligations under the mortgage were discharged, and, in case of failure to perform these covenants, it was provided that the mortgagee might effect the insurance and pay the taxes, and the sums so disbursed should be charged against the mortgagors, or the then owner of the premises, and should become an additional lien, secured by the mortgage and enforced at the same time and in the same manner as the original indebtedness, or, the mortgagee might at his option purchase and hold solely in his own right any and all such taxes or tax titles on the premises. Default was made and the mortgage was foreclosed. Plaintiff became the purchaser, having bid in the property for enough to wipe out the debt and expenses of sale. After the sale, and while the year of redemption was running, plaintiff paid $267.61 in redemption of tax certificates, acquired by Hicks & Co. on the mortgaged premises subsequent to the execution of the mortgage, and he also paid $112.80 taxes, about to be subjected to the statutory penalty, all on account of the failure of defendants to perform their covenant in regard to taxes. There was also a payment for fire insurance, but, since the allegations in respect thereto are admittedly insufficient or erroneous, no consideration will be given that item. The defendants, as owners, made redemption within the year, but, inasmuch as the plaintiff had failed to file or furnish the affidavit specified in section 8172, G. S. 1913, defendants paid nothing towards reimbursing plaintiff for the said amounts disbursed by him subsequent to the foreclosure sale. The above facts, except as to the payment for insurance, were appropriately alleged in plaintiff's complaint, and also that the failure to comply with the provisions of said section 8172 was due to plaintiff's mistake and inadvertence. He asks for personal judgment

against defendants, that the amount be decreed a lien against the land, and for such other relief as to the court may seem just and equitable. The case is here on appeal from the order sustaining the defendants' demurrer to the complaint. The question presented is, has a mortgagee, who, at the foreclosure sale bid in the property for the full amount of the debt then due, but, while the year of redemption ran, disbursed money in payment of taxes and in redemption from tax sales, no remedy if he has failed to file and furnish an affidavit in accordance with section 8172, G. S. 1913, when redemption is made by the mortgagor, as owner, without reimbursement for such tax payments, the mortgage containing a provision that the mortgagee may pay delinquent taxes and charge the amount to the mortgagor or the then owner or at his option secure tax title to the property?

It is to be noted that in this case the foreclosure never became complete because the mortgagors redeemed. The sale thereby became of no effect. It was annulled. However, the power of sale became exhausted, at least as a means to enforce the collection of any part of the debt due or collectable at the time of the foreclosure. Loomis v. Clambey, 69 Minn. 469, 72 N. W. 707. And we may concede, without so deciding, that the payment of the taxes did not create an instalment of the mortgage coming due subsequent to the foreclosure, so that there may be a reforeclosure therefor. It may also be conceded that, where a statutory remedy has been lost through omission to observe a prescribed requirement, courts have no power to restore the same, unless the one seeking to reap an advantage therefrom in some manner induced the omission. The defendants are not charged with any conduct which caused or induced plaintiff to neglect to file the required affidavit.

The defendants confidently contend that plaintiff has no personal claim against them for the taxes paid, and has no redress whatever since he failed to obtain it under the provisions of said section 8172. The decisions cited by them do not foreclose the question. In Spencer v. Levering, 8 Minn. 410 (461), where the statement is made that there is no personal liability against the mortgagor for failure to pay taxes, it does not appear that any agreement existed in regard thereto. Nor did Martin v. Lennon, 19 Minn. 45 (67),

65 Am. St. 576, or Nopson v. Horton, 20 Minn. 239 (268), involve any agreement between the litigants in regard to the taxes. Cases from other jurisdictions do not reach the point because of dissimilarity of mortgage stipulations, of statutes and of facts. Those tending to sustain defendants' position that no express or implied agreement can be spelled out which authorizes a recovery against them are: Johnson v. Payne, 11 Neb. 269, 9 N. W. 81; Kersenbrock v. Muff, 29 Neb. 530, 45 N. W. 778; Walton v. Bagley, 47 Mich. 385, 11 N. W. 209; Vincent v. Moore, 51 Mich. 618, 17 N. W. 81; Swan v. Emerson, 129 Mass. 289; Semans v. Harvey, 52 Ind. 331; Horrigan v. Welmuth, 77 Mo. 542; Stone v. Tilley, 100 Tex. 487, 101 S. W. 201, 10 L.R.A.(N.S.) 678, 123 Am. St. 819, 15 Ann. Cas. 524. However in Hogg v. Longstreth, 97 Pa. St. 255, the supreme court of Pennsylvania held that a mortgagee may pay the taxes and sue the mortgagor, whose duty it was to pay them, in assumpsit. In the case at bar it must be observed that defendants stipulated that, in case of default in payment of taxes, plaintiff, the assignee of the mortgagee, might pay them and charge the amount to the defendants; that the payment was not made until after the foreclosure; that the statute (section 8172) permitted plaintiff to make the payment when it was made and gave a lien on the land therefor, and that the foreclosure never became complete so that the purchaser could be said to have taken the title as it stood at the time of the sale, charged with these taxes. The defendants at all times remained the owners of the mortgaged premises. It has been held that a mortgagee, who has paid taxes to protect his interests prior to the foreclosure sale, may reimburse himself from the proceeds of the sale, although no mention was made in the foreclosure notice, or the proceedings were so irregular that no claim could be made that the lien given by the statute, or by the usual terms of the mortgage, was enforced in the foreclosure proceeding. Gorham v. Nat. Life Ins. Co. 62 Minn. 327, 64 N. W. 906; Hamel v. Corbin, 69 Minn. 223, 72 N. W. 106. Taxes paid by plaintiff during the year of redemption should, as to these defendants, stand in as good position since the

enactment of section 8172, as did the taxes paid by the holder of the mortgage in the two cases last referred to.

It would therefore seem to follow that at least plaintiff was not a volunteer or intermeddler when he redeemed from the tax certificates held by Hicks & Co. and when he, during the year of redemption, paid the subsequent taxes in order to avoid the imposition of the penalty. The statute gave him the right to make the payment and have a lien therefor. His mortgage executed by defendants permitted him to make the payment and charge the amount to them as owners of the land, and it further authorized him to purchase and hold tax titles upon the land in his own right. Under this situation it would be a gross injustice to permit defendants to profit several hundred dollars from plaintiff's mistake or inadvertence. Regardless of the right to a personal judgment, we think plaintiff is entitled to be subrogated to the position of Hicks & Co. and the state as to these taxes. Taxes are a perpetual lien until paid. Hicks & Co., as holders of the tax certificates, held this lien, by virtue of which they had also the right to pay subsequent taxes and acquire a lien therefor. Section 2125, G. S. 1913. We perceive no good reason why defendants should be heard to object to such subrogation. There is ample authority for the proposition that one who has paid taxes to protect his own rights, and not as a volunteer or intermeddler, may be subrogated to the rights of the state or of the one who had acquired the state's rights. Pratt v. Pratt, 96 Ill. 184; Sharp v. Thompson, 100 Ill. 447, 39 Am. Rep. 61; Cockrum v. West, 122 Ind. 372, 23 N. E. 140; John v. Connell, 61 Neb. 267, 85 N. W. 82; Fiacre v. Chapman, 32 N. J. Eq. 463; Title Guarantee & Trust Co. v. Haven, 196 N. Y. 487, 89 N. E. 1082, 1085, 25 L.R.A.(N.S.) 1308, 17 Ann. Cas. 1131. In this state in two cases where subrogation was permitted there were included, in the lien allowed, amounts paid for taxes. Emmert v. Thompson, 49 Minn. 386, 52 N. W. 31, 32 Am. St. 566; and Elliott v. Tainter, 88 Minn. 377, 93 N. W. 124.

In our opinion the facts pleaded show that plaintiff, in reference to the payment of taxes and redeeming from the tax certificates of Hicks & Co., did so lawfully, under both contract and statute, to protect his interest in the land; and justice requires that he be

substituted to the liens held by Hicks & Co. and the state, notwithstanding these have been cancelled. "This doctrine (of subrogation) is applied when such lien has been discharged under a mistake of the real situation, to save the party who has made the payment from loss if such payment and discharge would otherwise give the owner of the land an unconscionable and inequitable advantage over the person who had paid the same." Elliott v. Tainter, supra. If the defendants or third parties have equities which may prevent plaintiff from obtaining relief, they do not appear from the complaint. The payment being made subsequent to the foreclosure, it cannot very well be contended that there is a splitting up of a cause of action, for the right to subrogation did not exist prior to the foreclosure proceeding.

Order reversed.