23531. PAN-AMERICAN LIFE INSURANCE COMPANY *v.* ORR.

JENKINS, P. J. Suit was brought upon promissory notes secured by a deed to real estate. Pending the action, the property was sold under a power of sale, and purchased by the plaintiff grantee, and the defendant, by an amendment to his answer, sought to recover the surplus of the proceeds after deducting principal, interest, and costs. The case was tried without a jury, under an agreed statement of facts. The one legal question presented was whether the plaintiff was entitled to retain the additional amount represented by taxes, which had been assessed prior to the sale, but were not paid by the plaintiff until after the sale. The terms of the security deed are not set forth in the stipulation or elsewhere in the record, but it is assumed by counsel that the instrument provided that the grantor should pay all taxes and assessments against the property. *Held:* The stipulated facts being essentially the same, this case is controlled by the decision in *Franklin Mortgage Co.* v. *McDuffie,* 43 *Ga. App.* 604 (3) (159 S. E. 599), where it was held: "In a suit upon promissory notes secured by a deed to land, the notes and deed providing in substance for the payment of all taxes and assessments against the property by the maker of the notes and grantor in the deed, the plaintiff can not recover taxes and assessments paid by himself after a sale of the property under the power of sale contained in the deed, and its purchase by him at such sale, since the defendant would be entitled to credit in the amount of the proceeds of such sale, which must necessarily have been diminished on account of the outstanding incumbrances represented by unpaid taxes and street-improvement assessments, since the purchaser at such sale bought subject to the unpaid and outstanding taxes and assessments." The request of the plaintiff in error to disregard that decision and hold it inoperative must be denied. Although the question seems to have never been before the Supreme Court or elsewhere before this court, the ruling appears to be well supported by authority. See Civil Code (1910), §§ 1141, 6054; *Wilson* v. *Boyd,* 84 *Ga.* 34 (10 S. E. 499) ; *Wyatt* v. Quimby, 6 Minn. 537 (68 N. W. 109) ; Nopson v. Horton, 20 Minn. 268 (18 Am. R. 376), cited in 62 Minn. 327 (64 N. W. 906, 908) ; Hoffmeyer *v.* Smith, 110 Okla. 215 (237 Pac. 91, 43 A. L. R. 97) ; Swan *v.* Emerson, 129 Mass. 289; Seamans *v.* Harvey, 52 Ind. 331; Tanner *v.* Taussig, 11 Mo. App. 534; 19 R. C. L. 439; 41 C. J. 1014. The court therefore did not err in entering a judgment for the defendant debtor upon his plea that he was entitled to the surplus of the proceeds after deducting the principal, interest, and costs of sale. *Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JUNE 18, 1934.

*H. M. Rylee, Frank R. Martin, George & John L. Westmoreland,* for plaintiff.

*Douglas M. Orr,* for defendant.