John H. Kersenbrock v. Joseph L. Muff et al. ·

[Filed May 6, 1890.]

**Taxes:** Payment by Mortgagee: Release of Mortgage. Where the mortgagee of real estate pays the taxes on the mortgaged premises to enable him to negotiate the mortgage, and subsequently he sells the mortgage to the mortgagors and executes and delivers an unconditional release of the mortgage and the debt secured thereby, *held*, that the mortgagee could not afterwards maintain an action against the mortgagors for the amount of the taxes so paid.

Error to the district court for Saline county. Tried below before Morris, J.

*Abbott & Abbott*, for plaintiff in error, cited: *Johnson v. Payne*, 11 Neb., 269.

*Hastings & McGintie, contra:*

One cannot become a creditor without the debtor's consent. (Bishop, Contracts, sec. 211; *Herman v. Edson*, 9 Neb., 157; *Phillips v. Jefferson Co.*, 5 Kan., 412.) Even admitting that the taxes became a part of the mortgaged debt, the whole was extinguished by the release. (*Young v. Brand*, 15 Neb., 604; *Southard v. Dorrington*, 10 Id., 122; *Johnson v. Payne*, 11 Id., 271.)

Norval, J.

The plaintiff in error, on the 31st day of October, 1885, contracted with the defendants to sell and convey to them certain real estate situated in West Crete, known as the Western Brewery, for the sum of $16,000, the defendants agreeing to pay the 1884 and 1885 taxes on the property. Afterwards the plaintiff conveyed the property to the defendants, and as part payment the latter made to the plaintiff two real estate mortgages on the property conveyed,

dated November 3, 1885, each to secure the sum of $1,500, payable in one and two years respectively, with interest at ten per cent. In July, 1886, the plaintiff paid the taxes, amounting to $103.40, and on August 11, following, the plaintiff, through his agent, George D. Stevens, sold the mortgages to the defendants and the plaintiff executed and delivered proper releases of the same. The defendants refusing to pay plaintiff the amount of the taxes, this suit was brought to recover the same.

The answer, after denying the allegations of the petition, alleges that if payment was made by the plaintiff it was voluntarily made by him without any agreement or bargain with the defendants and against their express wishes; that after the giving of the mortgages the plaintiff executed and delivered unconditional releases of said mortgages to the defendants, and, if such payment of taxes was made, they became merged with the mortgage debt and was discharged by the releases. The reply to the answer was a general denial. The case was submitted to the court, without the intervention of a jury, who found the issues in favor of the defendants.

The plaintiff claims that he paid the taxes on the request of the defendants. While there is some conflict in the testimony on this point, the preponderance of the evidence is clearly with the defendants. At any rate it cannot be said that the findings of the trial court are unsupported by the evidence. Undoubtedly the plaintiff had the right to pay these taxes for the purpose of protecting his security, and the amount so paid became a lien against the mortgaged premises. The only question, therefore, to be determined is, Did the payment of the money by the defendants and the release of the mortgages by the plaintiff bar the latter from recovering the amount of these taxes? The only authority for paying the money was by virtue of the mortgages. The satisfaction of the mortgages extinguished all of the mortgagees' rights thereunder.

The case of *Johnson v. Payne*, 11 Neb., 269, is quite similar to this. In that case the mortgagee paid the taxes to protect his security. The mortgage was afterward foreclosed and the premises were sold to satisfy the decree. The amount of the taxes not being included in the foreclosure suit, an action was brought after foreclosure against the mortgagor to recover the amount of the taxes. It was held that the action could not be maintained, for the reason that the claim for taxes became merged in the mortgage and "constitute but a single and indivisible demand and could not be separated and collected by several actions."

The plaintiff insists that the taxes in this case did not arise under the mortgage and, therefore, were not secured by it. True, the contract of purchase made it the duty of the defendants to pay the taxes, yet it did not authorize the plaintiff to pay the same and make the defendants his debtors for the amount. There is testimony tending to show that the plaintiff was expressly directed by the defendants not to discharge these taxes. If such was the case, the payment by the plaintiff was voluntary. While the payment under the mortgage created a lien in favor of the plaintiff on the mortgaged premises for the amount, it did not establish the relation of debtor and creditor. The mortgagee cannot look beyond the land and enforce the amount paid for taxes by a personal judgment against the mortgagors.

There is no error upon the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.