Longfellow v. Barnard.

John H. Longfellow, Receiver of the State Bank of Wahoo, appellee, v. E. H. Barnard, appellant.

Filed December 19, 1899.   No. 8,902.

1. **Unincorporated Bank:** Corporation. An unincorporated bank, exclusively owned by one person, is not a corporation *de facto*, though the business was conducted by a president and cashier.

2. ———: Disposal of Assets. The assets of the bank may be lawfully disposed of by the owner to secure or pay the just claims of any of his creditors. .

3. ———: ———: Stare Decisis. *Longfellow v. Barnard*, 58 Nebr., 612, adhered to.

Rehearing of case reported in 58 Nebr., 612. *Former decision sustained. Judgment below reversed.*

*W. J. Courtright,* for appellant.

*Good & Good, contra.*

Norval, J.

This cause is on rehearing, the former opinion being reported in 58 Nebr., 612. After a careful consideration of the briefs and arguments of counsel for the respective parties, and an investigation of the questions anew, we have reached the same conclusion announced on the former submission. The only doubt we entertained was with respect to the soundness of the propositions embraced in the first two paragraphs of the syllabus to the prior opinion, and this doubt has been entirely removed by the further investigation and consideration which we have given the case. There is nothing in the prior decisions of this court to which our attention has been challenged which in the least militates against our former holding herein. The case most nearly in point is *State v. Commercial State Bank*, 28 Nebr., 677, but it is readily distinguishable from the one in hand. In that case the Commercial State Bank was an incorporated institution

—a distinct legal entity—while the State Bank of Wahoo was unincorporated, had no legal existence, and was owned by a single individual. In the case reported in 58 Nebr. it was ruled that the rights of the creditors of the bank to its property and assets, so far as essential to meet their demands against the bank, were superior to those of the stockholders or the assignee of an insolvent stockholder. But that case falls far short of being a precedent for holding that the assets of an unincorporated bank, owned by a single person, is a trust fund for the payment of the obligations against the bank to the exclusion of the other creditors of said owner, and that he may not apply such assets to pay or secure the claims of any of his creditors. The rule relative to the assets of an unincorporated bank owned by one person was correctly stated in the opinion of SULLIVAN, J., and will be adhered to. See *In re Vetterlein*, 44 Fed. Rep., 57; *In re Williams*, 3 Woods [U. S.], 493. The judgment of reversal will stand.

REVERSED.