### EDWARD M. GILMAN v. THE STOCK EXCHANGE BANK et al.

No. 12,286.   (67 Pac. 551.)

SYLLABUS BY THE COURT.

MORTGAGE—*Tax Lien—Merger*.   A mortgagee of land cannot defend against the lien of a tax-certificate holder on the ground that a gift to the latter of a quitclaim deed from the owner of the land merged the tax lien in the land title, without evidence showing an intent to produce the merger.

Error from Sumner district court; W. T. McBRIDE, judge.   Opinion filed January 11, 1902.   Affirmed.

*Thomas B. Wall*, and *James V. Daugherty*, for plaintiff in error.

*W. W. Schwinn*, for defendants in error.

The opinion of the court was delivered by

DOSTER, C. J. : This was a contest for priorities between the holder of a tax lien and the holder of a mortgage lien on real estate.   Judgment went in favor of the former, and the latter has prosecuted error. The defendant in error the Stock Exchange Bank had been the owner of the property, which had been

sold for taxes. The defendant in error C. W. Cupp was a tenant of the bank, but was not under obligation to pay the taxes. On January 30 he purchased the tax-sale certificate, and the following July became entitled to and received a tax deed. On February 3, four days after purchasing the certificate, he made a settlement with the bank for rent due and to become due, for his occupancy of the property, and gave his note for the amount. The bank, foreseeing at that time that a tax deed would presently issue to Cupp and his relation as its tenant terminate, promised to make him a present of a quitclaim deed of the property. The deed was executed on the day mentioned, February 3, but was not delivered until the following May.

The plaintiff, Gilman, the mortgagee, instituted an action to foreclose his mortgage. The tax deed to Cupp was invalid because of irregularities in the tax-sale proceedings and was held to evidence a lien for taxes only and not a title. The plaintiff contended that Cupp's lien for taxes, the inferior interest held by him, had become merged in the superior title acquired by him by deed from the bank. Whether it had merged is the sole question in the case. We think it had not. The question whether an inferior estate or lien merges in a superior one is a question of intention. It cannot be said to be a rule that the act of a person holding an estate or lien in acquiring another and adverse one merges the lesser in the greater. If it be to his interest to maintain the two as separate, equity will not infer an intention to merge from the mere fact of a conveyance of the conflicting claims, but will hold the two to be separate. (2 Pom. Eq. Juris. § 788, *et seq.*)

Now in this case the lien for taxes which the law

gave, failing the validity of the tax deed, was para-
mount to the mortgage lien, but the title acquired by
deed from the bank was subject to the mortgage. It
was unavailing as against the plaintiff's foreclosure
action. It hardly can be supposed that Cupp, by his
mere acceptance of the gift of a quitclaim deed from
the bank conveying a title which constituted no de-
fense against the mortgage, intended to abnegate his
claim for taxes, which constituted a charge on the
land superior to the mortgage.

In the summary of facts above made ultimate con-
clusions only and not evidentiary matter were stated,
and the plaintiff in error mentions one or two circum-
stances tending to show an intent on the part of the
defendant in error to merge the two interests. The
court, however, on evidence partly oral, found to the
contrary of the claimed intent, and this finding con-
cludes us in the lack of undisputed facts showing it to
be erroneous. Even if we were required or were at
liberty to examine and weigh the evidence as to inten-
tion, our conclusion would be, we think, the same as
that of the court below. One of the circumstances
adverted to by plaintiff in error as an evidence of in-
tent to merge seems to us to point to the contrary. It
is that Cupp took the assignment of the tax-sale cer-
tificate in the name of an agent and afterward directed
it to be transferred to his wife, which was done. It
would appear from this that he contemplated the pos-
sibility of a merger and sought to maintain a separa-
tion of interests by a show of appearances.

The judgment of the court below is affirmed.

JOHNSTON, SMITH, GREENE, JJ., concurring.