## C. W. CARSON V. JAY FULBRIGHT.

### No. 16,138.

### SYLLABUS BY THE COURT.

TAX DEEDS—*Quitclaim Deed to the Purchaser from the Mort-gagor—Merger.* One who is not under any obligation to pay taxes upon land, nor in privity with one so liable, may obtain a tax title thereto, and when in possession and claiming title under such a tax deed, apparently valid, may accept a conveyance from the former owner without incurring thereby the risk of losing his land for failure to pay a mortgage given by such former owner and outstanding when the taxes became delinquent, although the mortgagor had covenanted in the mortgage to pay the taxes.

Error from Clark district court; GORDON L. FINLEY, judge. Opinion filed July 3, 1909. Affirmed.

*Francis C. Price,* for the plaintiff in error.

*W. W. Harvey,* for the defendant in error; *H. J. Bone,* of counsel.

The opinion of the court was delivered by

BENSON, J.: The action was to foreclose a mortgage made by John Finley and wife and assigned to the plaintiff, C. W. Carson. The defendant, Jay Fulbright, was in possession of the mortgaged premises claiming title in fee, under a tax deed in regular form recorded more than five years before the suit was commenced. Judgment was rendered for the defendant.

Under section 141 of the tax law (Gen. Stat. 1901, § 7680) the tax deed is invulnerable to this attack unless the facts of this case distinguish it from many others decided by this court protecting the party in possession under tax deeds which had been of record more than five years when assailed. The plaintiff claims that it should be so distinguished.

After the tax deed had been of record for more than ten years, and while the defendant was in possession

Carson v. Fulbright.

under it, he took from the mortgagor, a quitclaim deed for the premises and placed it upon record. The mortgagor had covenanted to pay the taxes, and the mortgage containing this covenant was on record when this conveyance was made. The claim is that by so taking a conveyance from the mortgagor the defendant, while succeeding to the rights, became subject to the disabilities of the mortgagor, and as the mortgagor would have been estopped from claiming title under a tax deed issued because of his own default his grantee is in no better situation. (*Shrigley v. Black,* 66 Kan. 213; *Gibson v. Gilman,* 71 Kan. 320.) This contention can not be sustained. When the taxes upon which the deed was issued became delinquent, and at the time the deed was issued, the defendant was under no obligation to pay the taxes, and by accepting a conveyance *afterward* from the former owner he did not devest himself of his previously acquired title, although such former owner was bound to pay the taxes. Such an effect can not be claimed under the operation of the rule of merger, for merger is very largely a question of intention, and will not be presumed when it would operate to the disadvantage of the party. (*Rand v. Ft. S. W. & W. Rly. Co.,* 50 Kan. 114.) It would be a strange presumption that the defendant in obtaining this conveyance from the mortgagor intended thereby to subject himself to the payment of the mortgage or to the loss of his land in consequence of non-payment. On the contrary it will be presumed that the conveyance was obtained for some benefit and not for a burden. (*Loan Association v. Insurance Co.,* 74 Kan. 272; *Gilman v. Bank,* 64 Kan. 87.)

One who is not under any obligation to pay taxes upon land, nor in privity with one so liable, may obtain a tax title thereto, and when in possession and claiming title under such a tax deed, apparently valid, may accept a conveyance from the former owner without incurring thereby the risk of losing his land for

failure to pay a mortgage given by such former owner and outstanding when the taxes became delinquent, although the mortgagor had covenanted in the mortgage to pay the taxes.

The conclusions of the district court were in harmony with these views, and the judgment is affirmed.