[No. 3383.]

GILMOUR, administratrix, v. FIRST NATIONAL BANK OF
CENTRAL CITY.

1. WITNESSES—*Competency.* A stockholder in a corporation is
not a competent witness to establish a claim of the corporation
against a decedent's estate. The objection may be taken after
the witness is sworn in chief.

2. MORTGAGOR AND MORTGAGEE—*Liability of Mortgagor for Tax
Paid by Mortgagee.* Payment of taxes upon the mortgaged land af-
fords to the mortgagee no action against the mortgagor, in the ab-
sence of a covenant to this effect. He must look to the land for
reimbursement. The provisions of Rev. Stat., sec. 5704, do not
change the rule.

A provision in a deed of trust on lands that the grantor in
trust shall "pay all costs of this trust including money advanced
for taxes," suffices to give such action.

3. ADMINISTRATION—*Manner of Exhibiting Claim.* Under Rev.
Stat., sec. 7212, a claim made by mortgagee against the estate of
the mortgagor for taxes paid upon the mortgaged lands, the claim
being based upon a covenant in the mortgage, is not sufficiently
presented by merely filing the promissory note secured by the
mortgage, and the tax receipts, with an affidavit showing where
the mortgage is recorded. The mortgage itself must be filed.

A promissory note given for the purpose of tolling the statute
of limitations upon a previous note need not be filed.

The word "collateral" upon the margin of such note is not
controlling as to its purpose.

4. EVIDENCE—*Tax Receipts.* One claiming under the covenants
of a mortgage exhibited against the estate of the mortgagor a
claim for taxes paid. Held that in order to the admissibility of
the tax receipts it must appear that they represent money paid
by or for the mortgagee for taxes assessed against the identical
land described in the mortgage.

*Appeal from Gilpin District Court.* HON. FLOR ASH-
BAUGH, Judge.

Mr. H. A. HICKS, Mr. L. J. WILLIAMS, for app-
ellant.

Mr. JAMES M. SERIGHT, for appellee.

CUNNINGHAM, J.

This is an appeal from the district court of Gil-
pin county. The bank filed its claim against appel-

lant in the county court of Gilpin county. The claim being allowed, appellant appealed to the district court. The judgment of the district court was again favorable to the bank. This case was consolidated, for the purposes of oral argument, with the case of *Gilmour, Administratrix, v. The Hawley Merchandise Company*, No. 3384, decided at this term.

1. In the instant case, H. H. Lake was called at a witness for appellee, and over the objections of the defendant, was permitted to testify. Immediately after Lake was sworn in chief, and before any question had been propounded to him by appellee, appellant objected to his testifying on the ground that he was disqualified under sec. 7267 of the R. S. It appears that Lake was a stockholder of the First National Bank, appellant. He gave important, if not controlling, testimony on certain features of the case. Under our decision in the Hawley Merchandise case just handed down, the trial court committed reversible error in permitting Lake to testify.

2. On May 27, 1907, the bank exhibited in the county court, as the basis of its claim, a promissory note for the principal sum of $3400, dated January 14, 1889, and bearing interest at the rate of one per cent per month, said note being signed by James A. Gilmour, plaintiff's decedent, and Walter B. Townsend. It also, at the same time, exhibited in the probate court divers tax receipts, representing in the aggregate $1475.50, which the bank claimed represented money which it had paid in the way of taxes on certain real property on which appellant's decedent and the said Townsend had executed a trust deed to secure their aforesaid note. The total

amount of the bank's claim, including interest on the note, and the cash claimed to have been advanced for taxes, amounted to over $12,000. The judgment of the district court made the entire claim, including the money advanced for taxes, together with interest thereon, a personal judgment against the estate, and classified it as a claim of the fourth class. The payment of taxes by a beneficiary under a mortgage ordinarily gives to such beneficiary no right of action against the mortgages personally. The mortgagee so paying the taxes can not look beyond the land included in his mortgage for reimbursement, unless there is a covenant in the mortgage permitting him so to do.

*Kersenbrock v. Muff,* 29 Neb. 230-2; 45 N. W. 778; *Horrigan v. Wellmuth,* 77 Mo. 542-4; *Spence v. Levering,* 8 Minn., 410-15; 27 Cyc. 1256.

Our statute (sec. 5704 R. S.) permits the mortgagee to pay the taxes, where the mortgagor neglects to do so, and makes the taxes so paid, with interest thereon, a lien upon the land until the same shall be repaid. But it gives the mortgagee no right to bring an independent action against the mortgagor as for money paid to his use, or under claim of subrogation to the lien of the state or municipality.

The trust deed executed for the benefit of the bank, contained the following covenant:

"Said party of the first part to pay all costs of this trust, including all money advanced for taxes or other liens or assessments, with interest at one per cent per month until paid."

It is under this provision of the trust deed, as we understand it, that the bank claims the right to a general judgment against the estate, payable from

its general assets. We are of opinion that this clause entitles appellee to a judgment of this character for all taxes which it established by proper evidence it has paid on the premises described in the trust deed, providing its claim against the estate for the money thus paid out for taxes was properly exhibited in the probate court. Section 7212, R. S., reads as follows:

"The manner of exhibiting claims against estates shall be by filing in the county court the account or instrument of writing, or an exemplification of the record whereon such claim is founded."

The instrument of writing whereon the bank's claim (for the money advanced for taxes) was founded, was not the note which it exhibited, nor yet the tax receipts, which were but evidence of payment. Without the covenant in the trust deed, which we have quoted, the tax receipts would have been quite valueless, so far as supporting a judgment to be made from the general assets of the estate goes. There can be no doubt, we think, but that the instrument of writing whereon the bank's claim against the estate for money advanced for taxes rested, was the trust deed. This was not exhibited in the probate court. In the affidavit filed in that court in connection with the exhibits (the note and the tax receipts) the bank cited the book and page of the county records wherein the trust deed appeared of record.

*In re Hobson Estate,* 40 Colo. 332-6, Mr. Justice Campbell, in considering sections 4780 M. A. S., being 7212 R. S., said:

"The manner of exhibiting a claim founded upon a promissory note is by filing the note itself

in the county court. * * * We hold that the manner and exclusive manner of exhibiting a claim of this character is by filing in the probate court the written instrument upon which the claim is founded.''

In the Hobson case a copy of the original note had been filed. This the court held to be insufficient. If a complete copy of the original instrument of writing is insufficient, then *a fortiori,* the citation to a record where a copy of the original instrument might be found, is insufficient. In the Hobson case the court intimates that the duty of the claimant to exhibit the original claim is so clear and so important, that the administrator might not waive any failure in this respect. On the authority of the Hobson case, we must hold that the appellee's claim for the money paid out for taxes could be exhibited against the estate only by exhibiting the trust deed in the probate court. Not having so exhibited that instrument, all evidence offered in support of its claim for taxes should have been excluded.

3. Many of the tax receipts offered and admitted were objected to for various reasons. In view of our conclusion that the exhibiting of the trust deed in the county court was a prerequisite to the recovery of the money paid for taxes, it is perhaps unnecessary to consider this feature. However, it may not be amiss, in view of the probability of another trial, to say that before a tax receipt can be admitted for the purpose of creating liability against the estate generally, or against the land belonging to the estate, it should be made to appear that the receipt offered represents money paid out

by or for the beneficiary for taxes on the identical land described in the trust deed.—27 Cyc. 1256; *Rasmussen v. Lewin,* 28 Colo. 449.

4.   Appellant objected to the note exhibited on the ground that it was barred by the statute of limitations.  It sufficiently appeared, we think, from the evidence, that during all the years the note had been in the hands of the bank, decedent had kept it alive by executing, from time to time, a renewal note.   On the trial the bank offered in evidence a note for $3350 ($50 having been paid on the principal of the original note), dated December 5, 1906, and one note for $5717, bearing the same date, each of the said notes being payable one day after date, and signed by James A. Gilmour; (the decedent), and Walter B. Townsend, by James A. Gilmour, his attorney in fact.   These notes seem to have been given the bank for the purpose of tolling the statute, as to the principal note and the accumulated interest thereon, no interest having ever been paid on the original note.   The evidence appears sufficient to warrant this assumption.   The bank had in its possession the original note, secured by the trust deed.   If the two notes of December 5, 1906, were given to liquidate the original note, then, naturally we would suppose that the decedent would have taken up his original obligation thus extinguished.   We think it not probable that the two notes of December 5 were given as collateral security for the original note, since the original note was already secured by a trust deed, and quite as binding as the two later notes.   If the payors of the original note were solvent, collateral security would not be necessary.   If they were insolvent, it is difficult to perceive what value their unsecured paper

could possess as collateral security. It is true that the two later notes bore on their margin the word, "collateral", placed there, apparently, by a rubber stamp. We think this is not controlling in determining what the character or purpose of these notes was. If the two notes of December 5th were given for the purpose of tolling the statute, it was not necessary, or even proper, that they should be exhibited in the probate court. They were evidence wherewith to meet the objection of the bar of the statute, and had no place in the record unless and until that objection was interposed.

Because of the errors pointed out, the judgment must be reversed and remanded, which is accordingly done.                    *Reversed and remanded.*