## PRICE v. SALISBURY.

No. 3556.    Opinion Filed February 10, 1914.

(138 Pac. 1024.)

1.  **MORTGAGES—Payment of Taxes—Duty of Mortgagee.** A person holding a mortgage upon real estate as security for a debt is under no obligation to pay the taxes upon such property, unless there is some provision in the mortgage requiring him to do so.

2.  **SAME—Tax Sale—Right to Purchase—Mortgagee.** A person holding a mortgage on property may acquire title to the mortgaged premises by the purchase at tax sale and obtaining tax deed therefor.

3.  **TAXATION—Tax Deed—Title.** A tax deed regularly issued by the county treasurer, two years having passed since the tax sale and issuance of the certificate of purchase, vests in the grantee named in such deed an absolute fee-simple title in the land therein described.

(Syllabus by Galbraith, C.)

*Error from District Court, Oklahoma County;*
*John J. Carney, Judge.*

Action by James B. Price against George Salisbury for the recovery of the possession of land, and for damages. Judgment was for the defendant, and plaintiff brings error. Affirmed.

*W. R. Wheeler* and *Giddings & Giddings,* for plaintiff in error.

*Everest, Smith & Campbell,* for defendant in error.

Opinion by GALBRAITH, C. The plaintiff in error, as plaintiff in the court below, instituted an action March 30, 1910, in the district court of Oklahoma county, alleging that he was the owner of the legal title and entitled to the possession of the N. E. ¼ of section 13, township 14 N., range 4 W., and alleging that the possession of the same had been unlawfully withheld from him by the defendant, and prayed for the possession, damages, and for general relief. The defendant answered, first, by general denial, and, second, admitted that he was in the possession of the land described, and was and had been since the 3d day of May, 1900; and by way of cross-petition the defendant alleged that he was the owner of the premises, and in the quiet and peaceable possession thereof, and that the action instituted by the plaintiff cast a cloud over his title, and that the plaintiff was without right, title, or equity in and to said lands, or any part thereof, and prayed that plaintiff take nothing by his action, and that the title in the land described be quieted in the defendant as against the claim of the plaintiff and all persons claiming by, through, or under him since the commencement of the action.

The issues were properly joined under the pleadings as above set out, and a jury waived, and the cause submitted to the court for trial. It appeared from the evidence: That the plaintiff was the homestead entryman of the land described, and his final proof was made and certificate issued to him under date of May 9, 1894. That on June 7, 1894, the plaintiff, joined by his wife, executed a real estate mortgage on the land to W. W. Grant to secure a promissory note bearing that date and due five years thereafter, bearing interest from date, payable semiannually. That about three years after the execution of the note and mortgage

the plaintiff and his wife abandoned the land, and took up a nomadic life, wandering from place to place for the benefit of his wife's health, as he claimed, traveling in a wagon for a period of some ten years thereafter, a portion of which time was spent in the state of Missouri. That shortly after he returned to Oklahoma he instituted this suit. That the plaintiff defaulted in the payment of interest due upon his mortgage note, and also failed to pay the taxes against the land, and the same was sold for taxes November 16, 1896, and purchased by Whit M. Grant. That Whit M. Grant, as attorney for the mortgagee, his brother, commenced an action to foreclose the mortgage on the real estate described February 16, 1897, and service was attempted to be made on the defendants by publication notice. This suit proceeded to judgment and decree, and an order of sale issued, and the land was sold by the sheriff and purchased by Whit M. Grant, the sheriff's deed to Grant being under date of April 14, 1897, and the tax deed for the land was executed to Whit M. Grant November 19, 1898. That Whit M. Grant and his wife conveyed the land to the defendant, Salisbury, by warranty deed May 3, 1900.

The court below found that the affidavit for publication service in the action of W. W. Grant against James B. Price was insufficient in form, and that the district court did not acquire jurisdiction in the foreclosure suit on account thereof, and that the sale of the land in controversy under the decree was void, and that the sheriff's deed did not convey title to Whit M. Grant. Also, that the tax deed issued by the county treasurer of Oklahoma county to Whit M. Grant November 16, 1898, did convey the land in controversy, and gave a perfect title thereto to Whit M. Grant, and that Whit M. Grant conveyed and gave a valid title to the defendant, George Salisbury. The court also made a general finding on the issues in said cause for the defendant, George Salisbury, and against the plaintiff, and found that the defendant was entitled to a decree quieting the title to the land in controversy in the defendant as prayed in his cross-petition. The court decreed according to these findings. The plaintiff ex-

cepted to the findings, judgment, and decree, and appealed to this court by petition in error and case-made, after the overruling of his motion for new trial.

Numerous assignments are made in the petition in error; but only one is argued in the brief of counsel for plaintiff in error, that is, that Whit M. Grant could not obtain title to the land in controversy under the tax deed by reason of the fact that the mortgagee, W. W. Grant, was his brother, and that he acted as agent for his brother in making the mortgage loan, and as attorney for his brother in the foreclosure suit, and that on account of this relationship his paying the taxes accrued to the interest of his brother, the mortgagee, and the lien secured by reason thereof was merged in the mortgage lien, and was waived by failure to include the same in the foreclosure suit. In support of this contention, counsel cite the case of *Kersenbrock v. Muff et al.,* from the Supreme Court of Nebraska, reported in 29 Neb. 530, 45 N. W. 778; *Smith v. Perkins,* from the Court of Appeals of Kansas, reported in 10 Kan. App. 577, 63 Pac. 297; *Shepherd v. Vincent,* from the Supreme Court of Washington, reported in 38 Wash. 493, 80 Pac. 777.

In the Muff case the point determined was that, where the mortgagee of real estate pays taxes on the mortgaged property to enable him to negotiate the mortgage, and subsequently sells the mortgage to the mortgagors and executes and delivers an unconditional release of the mortgage and the debt secured thereby, it was held that the mortgagee could not afterwards maintain an action against the mortgagor for the amount of the taxes so paid.

In the Perkins case one of the points determined was that, where the mortgagee procures a tax deed to the mortgaged property, this fact does not bar him from bringing a suit to foreclose the mortgage, for the reason that, since the rule that such tax deeds destroy all other titles and liens only relates to adversary claims, the money paid for the tax title is not within the rule of merger. This holding, as we understand it, is directly contrary to the contention of the plaintiff in error in this case.

In the Vincent case, *supra,* it was determined that a mortgagee by the purchase of an outstanding tax title could not disturb the title of the mortgagor, and this holding was based upon an express statute of the state of Washington.

It will be observed that these authorities, in so far as they do not hold directly against the contention of the plaintiff in error, give no support to his contention. The evidence in the case at bar shows that the mortgagee did not pay the taxes, and that the mortgagee did not obtain or attempt to obtain the tax title to the land in controversy. It shows that W. W. Grant, the mortgagee, and Whit M. Grant, the holder of the tax title, are two separate and distinct individuals, although they are brothers, and there is no finding by the court below that Whit M. Grant, in paying the taxes on the mortgaged premises, acted as agent of his brother, the mortgagee, and there is no attempt to show this agency except by inference. The positive testimony is to the contrary. However, this is immaterial, as will hereafter appear. If Whit M. Grant was acting as agent for the mortgagee in paying the taxes on the mortgaged premises, and in securing the tax title, there could be no merger of liens, in this instance in any event, and the bringing of the foreclosure suit, without including the tax lien therein, could not bar the assertion of the tax title, for the reason that the court below held that on account of the defective affidavit for publication service the court acquired no jurisdiction in the foreclosure suit, and the decree of sale and the deed were absolutely void. The plaintiff in error did not appeal from that judgment and finding, and there is no cross-appeal by the defendant in error, so that judgment is final. The case stands, so far as the foreclosure proceeding is concerned, as though no foreclosure suit had ever been filed by the mortgagee. A waiver of a right cannot be predicated upon an absolutely void proceeding.

However, the question presented by this appeal seems to have been foreclosed against the contention of the plaintiff in error by the decision of the Supreme Court of Oklahoma Terri-

tory in *Jones v. Black,* 18 Okla. 344, 88 Pac. 1052, 90 Pac. 422, 11 Ann. Cas. 753. The first and second paragraphs of the syllabus are as follows:

"(1) A person holding a mortgage upon real estate as security for a debt is under no obligation to pay the taxes upon such property unless there is some provision in the mortgage requiring him to do so.

"(2) A person holding a mortgage upon property may acquire title to the mortgaged premises by the purchase at tax sale and obtaining tax deed therefor."

If the mortgagee could obtain this tax title to the mortgaged premises, it follows, of course, that the brother of the mortgagee could obtain it, whether he acted in his individual capacity or as agent for the mortgagee. It appears from the record that the plaintiff in error made no attempt to redeem the land from the tax sale within the two years given by section 6034, Wilson's Rev. & Ann. St. 1903, and that the tax deed was regularly issued after the expiration of two years from the date of the sale and the issuance of the certificate. The effect of this tax deed as declared by section 6036, Wilson's Rev. & Ann. St. 1903, was that it "shall vest in the grantee an absolute estate in fee simple in such lands." The tax deed introduced in evidence appeared to be regular upon its face, and the trial court was justified in finding, as a matter of law, that the same vested a fee-simple title to the premises in controversy in Whit M. Grant, and was also justified in decreeing, under the cross-petition, that the title to the premises in controversy was in the defendant in error, and in quieting the title therein in him against the claim of the plaintiff in error and all persons claiming by, through, or under him since the commencement of the action.

The errors assigned are without merit, and the judgment appealed from should be affirmed, with costs.

By the Court: It is so ordered.