### DELAHUNT v. OKLAHOMA COUNTY et al.

(Circuit Court of Appeals, Eighth Circuit. August 3, 1915.)

No. 151.

1. TAXATION ⬅510—PRIORITIES—MORTGAGE.

Tax liens for general and local taxes, which, by Rev. Laws Okl. 1910, §§ 634, 7391, 7403, 7415, are made perpetual liens, are paramount to an antedated mortgage lien, as a lien for taxes attaches to the res without regard to individual ownership, and is not displaced by a sale under an existing judgment or decree, unless otherwise directed by statute.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 946; Dec. Dig. ⬅510; Mortgages, Cent. Dig. § 324.]

2. BANKRUPTCY ⬅346—MORTGAGE LIEN—PRIORITY—STATUTE.

Under Bankr. Act July 1, 1898, c. 541, § 64a, 30 Stat. 563 (Comp. St. 1913, § 9648), providing that the court shall order the trustee to pay all taxes owing by the bankrupt to the United States, or to any state, county, etc., before payment of dividends, the lien of general and local taxes under state law is prior to an existing mortgage lien, though section 64b (1-5) provides that debts having priority and payable out of the bankrupt estate shall be paid in accordance with the classification therein stated, which classification does not include taxes.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 535; Dec. Dig. ⬅346.]

Petition to Revise Order of the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Original petition by William V. Delahunt against the County of Oklahoma and others to revise order of the District Court directing

the payment of taxes before payment of a mortgage lien. Petition dismissed.

Henry E. Asp, of Oklahoma City, Okl. (Henry G. Snyder, Frederick B. Owen, and Walter A. Lybrand, all of Oklahoma City, Okl., on the brief), for petitioner.

James S. Twyford, of Oklahoma City, Okl. (John Embry, of Oklahoma City, Okl., on the brief), for respondents.

Before SANBORN and CARLAND, Circuit Judges, and LEWIS, District Judge.

LEWIS, District Judge. [1] Delahunt had a mortgage on real property in Oklahoma City. The mortgagor, Centerfreeze Ice Company, was adjudged a bankrupt after it had neglected to pay taxes assessed against the property for four years. The taxes were general and also special local for cost of paving for each year. For the earlier years the property had been sold under the tax liens as provided by state law might be done and certificates of sale were issued to the purchasers who were to await the expiration of the time given for redemption before deeds might issue. The local statute made both general and special taxes perpetual liens on the same footing. Revised Laws Oklahoma 1910, §§ 634, 7391, 7403, 7415. Although the mortgage ante-dated the tax levies, the tax liens were paramount. "A lien for taxes does not, however, stand upon the footing of an ordinary incumbrance, and is not displaced by a sale under a pre-existing judgment or decree, unless otherwise directed by statute. It attaches to the res without regard to individual ownership, and when it is enforced by sale pursuant to the statute, prescribing the mode of assessing and collecting them, the purchaser takes a valid and unimpeachable title." Osterberg v. Trust Co., 93 U. S. 424, 428, 23 L. Ed. 964. The rule is common. R. R. Co. v. Drainage Dist., 134 Ill. 399, 25 N. E. 781, 10 L. R. A. 291; Calif., etc., Co. v. Weis, 118 Cal. 494, 50 Pac. 697; Spratt v. Price, 18 Fla. 289, 303.

The Oklahoma statute and decisions are in accord with the principle thus announced. Under them the enforcement of the right, in event of sale, passed to the purchaser, and when he gets a deed he takes the fee. Gray v. Logan County, 7 Okl. 323, 54 Pac. 485; Price v. Salisbury, 41 Okl. 416, 138 Pac. 1024.

[2] Respondent Wright is trustee of the bankrupt estate, and in the course of administration he sold the real estate free and clear of all liens, including taxes, and held the fund instead of the property. The amount received by him on the sale was far too small to take care of both taxes and mortgage debt. The petitioner says his mortgage lien claim should come out of the fund first, that the court erred in putting it the other way and ordering the trustee to pay off the tax liens, both general and special, before he is to get any of the proceeds; and by his petition to this court he asks that the order so directing the trustee to pay off the tax liens first be set aside and that it be adjudged that all of the proceeds, less fees and expenses of administration, be applied on his claim.

No complaint is made that the property did not bring all it was worth, that the sale was in any respect unfair, or that he did not have timely notice. Nor is it claimed that there were other assets out of which the taxes might be paid. We assume there were none and that his mortgage covered all the bankrupt had. We also assume that the purchaser believed the taxes were in his bid, for that was the way the property was offered. Of course, it could have been sold subject to taxes, and would have brought that much less.

Without bankruptcy the property could have been taken under recurring levies for taxes which remained unpaid and the mortgage lien would have been swept away. The petitioner knew that the precedence of his lien was dependent on the payment of taxes, and that liens on the property to secure their payment were paramount; but his claim is that with bankruptcy there has been an interchange of rights, that the prior-existing order was thereupon reversed and now his mortgage lien has superseded and become prior in right to the tax liens.

It is obvious that the petitioner is wholly without equitable right. He stands entirely on section 64 of the Bankruptcy Act and the construction which he urges us to give to it. That section, in part verbatim and in part summarized, is this:

"a. The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, state, county, district, or municipality in advance of the payment of dividends to creditors. * * *

"b. The debts to have priority, except as herein provided, and to be paid in full out of bankrupt estates, and the order of payment shall be" (1), (2) and (3) costs of preserving, recovering and administering the estate, and certain fees; (4) wages due to specified persons earned within three months, not exceeding $300 to each; "and (5) debts owing to any person who by the laws of the states or the United States is entitled to priority."

The argument to sustain the claim is put in this way: In the opening paragraph of the section providing for the payment of all taxes legally due and owing, place emphasis on the letter of the clause "in advance of the payment of dividends to creditors," ignore or give slight weight to the clause "except as herein provided" in the second paragraph, then rigidly apply the numbered classifications under "b," as to the order of payment, and the conclusion follows that taxes are not to be paid until the debts having priority under (5) have been discharged. Inasmuch as the contention disregards the imperative direction to order payment of taxes, is against equitable right, would result, if sustained, in uprooting and reversing prior fixed legal rights between the contending interests and would give a preference to a private interest over public duty, the legislative purpose to accomplish such an end (conceding the power) ought to be expressed with clearness, and ought not to be open to serious debate. With this in mind it is enough to say that the argument strikes us as being too strained, narrow and hypercritical. No authority has been cited which expressly sustains it, we find none, and cannot assent to its soundness.

On the other hand, Collier on Bankruptcy (10th Ed.) p. 889, expresses the belief that taxes are put in a different and a higher class than the debts enumerated in sub-section "b"; and the Supreme

226 F.—3

Court has well nigh so determined. In Title & Trust Co. v. Surety Co., 224 U. S. 152, 160, 32 Sup. Ct. 457, 459, 56 L. Ed. 706, it is said:

"Labor claims are given priority, and it is provided that debts having priority shall be paid in full. The only exception is 'taxes legally due and owing by the bankrupt to the United States, state, county, district or municipality.' These were civil obligations, not personal conventions, and preference was given to them."

See also City of Waco v. Bryan, 127 Fed. 79, 62 C. C. A. 79; Hecox v. Teller County, 198 Fed. 634, 117 C. C. A. 338.

A careful consideration leads us to the conclusion that the District Court was right in ordering the taxes paid first, and the petition will be dismissed with costs against petitioner.

It is so ordered.