## OWENS et al. v. WILLIAMS et al.

No. 26323.    May 18, 1937.

Rehearing Denied June 15, 1937.

B. F. Davis and J. A. Patterson, for plaintiffs in error.

Orr & Woodford, for defendant in error R. H. Williams.

GIBSON, J. This action was commenced in the district court of Hughes county by plaintiffs in error against the defendant in error Williams, and Otho Harrod, George M. Taylor, and the First National Bank of Holdenville, to cancel a certain certificate tax deed executed to and then held by Williams upon an 80-acre tract of land located in said county. The parties are referred to herein as they appeared at the trial, or by name.

Plaintiffs were the owners of certain undivided interests in and to the oil, gas, and mineral rights in and under said premises; the bank was the owner of a mortgage on the entire tract, which mortgage

was inferior to the interests of plaintiffs; Williams was a director in said bank, but was not an officer thereof; Taylor was an active executive officer of the bank, and Harrod was the record owner of the land. Plaintiffs charged that the tax deed was void by reason of an alleged conspiracy entered into between Williams, Taylor, and the bank for the purpose of defrauding plaintiffs of their interest in the premises. They allege, further, that the tax deed is void on account of certain alleged fatal defects appearing in the proceedings leading up to the issuance thereof.

The trial court held against plaintiffs' contentions and rendered judgment for defendant Williams sustaining his deed. The other defendants were in default, and plaintiffs have appealed.

The propositions presented under the assignments here are, first, that the trial court erred in failing to find a conspiracy as alleged and in not holding the tax deed void by reason thereof; and, second, that the purported assignment of the tax certificate, upon which the deed was based, from the county treasurer to one W. C. Howell, and Howell's assignment thereof to defendant Williams, were void, thereby rendering the deed void.

Plaintiffs assert that Williams held the tax certificate for the bank and that he and the bank, acting through Taylor, designedly misled plaintiffs in order to deprive them of their right to redeem the land from the tax sale.

The evidence is that the plaintiff Owens, after service of statutory notice of intention to apply for deed had been served upon some of the interested parties, attempted to enter negotiations with Williams for the purchase of the certificate. Williams refused to sell and advised Owens to redeem the land at the county treasurer's office if he so desired. Subsequently Owens saw Taylor and attempted to enter into an arrangement with the bank whereby plaintiff would pay half the taxes if the bank would agree to pay the other half. This the bank refused, and advised Owens that the certificate was a matter of personal concern to Williams and that the bank had no interest therein except to see that the same remained in the hands of parties friendly to the bank.

It is shown that some time in the latter part of 1931 Taylor assured Owens that the tax deed would not issue until proper notice was had on other interested parties which would suspend issuance until on or about January 18, 1932. Thereupon Owens, seemingly relying upon the co-operation of the bank, departed on a trip to Texas. On his return to the state he wrote Taylor under date of January 14, 1932, inquiring about the matter of payment of the taxes, to which he received no reply. Thereafter Owens received notice from the county treasurer that the deed had issued February 22, 1932. Owens then called Taylor on the phone asking why their plans had miscarried, and Taylor, according to Owens' testimony, stated that the deed had been issued and that he intended to stand on it.

Assuming that Taylor was authorized by Williams to enter into an agreement with Owens, the record shows no evidence of the alleged conspiracy. Every promise made by Taylor to Owens was fulfilled. There is no evidence of an attempt on the part of Williams or Taylor to mislead the plaintiffs or to lull them, as charged, into a sense of security. The deed was not issued until long after the time set by Taylor.

The fact that Williams may have held the certificate for the bank, as charged by plaintiffs, is of no material consequence. The bank could legally purchase the certificate and receive a deed on the premises, for, as held in Jones v. Black, 18 Okla. 344, 88 P. 1052: "A person holding a mortgage upon property may acquire title to the mortgaged premises by purchase at tax sale and obtaining tax deed therefor." See, also, Price v. Salisbury, 41 Okla. 416, 138 P. 1024; In re Inglis, 69 Okla. 64, 169 P. 1083.

There is no question of tenancy in common in this case.

Plaintiffs' remaining proposition attacks the validity of the proceedings leading up to the issuance of the deed to Williams. Plaintiffs at the trial admitted that they were not attacking the sale (C.-M. 69), meaning, we assume, that the proceedings were regular. The objection now made to the form of the assignments of the tax certificate will not be considered on appeal. Although the question of the validity of the assignments may have been raised by the issues, the plaintiffs tried their case upon the theory of conspiracy alone, and abandoned any issue that may have been raised by the pleadings concerning the regularity of the proceedings and the issuance of the tax deed. The latter theory,

not having been presented to the trial court, will not now be considered for the first time. Ward v. Continental Ins. Corp., 165 Okla. 20, 24 P. (2d) 654.

We find no error. The judgment is therefore affirmed.

OSBORN, C. J., and BUSBY, WELCH, PHELPS, CORN, and HURST, JJ., concur. BAYLESS, V. C. J., and RILEY, J., absent.