### STITH v. GIDNEY et al.

No. 30862. Oct. 12, 1943.

*141 P. 2d 1003.*

Irwin Donovan, of Muskogee, for plaintiff in error.

Thomas J. Wiley, of Muskogee, for defendants in error.

ARNOLD, J. This action was commenced in the district court of Muskogee county, Okla., by J. O. Stith against S. T. Gidney and M. L. Harrison as county treasurer of Muskogee county to permanently enjoin the issuance of a tax deed to S. T. Gidney and to cancel tax sale certificate No. 5123. From an adverse judgment, the plaintiff, J. O. Stith, appeals.

In 1926 the plaintiff purchased tax certificate No. 532 for taxes on the land involved in this action for the year 1925. Thereafter he paid the taxes for the years 1926 and 1927 and same were endorsed on his certificate.

The taxes on said land for the year 1928 were not paid. At the November, 1929, tax sale the land was bid in by the county and tax sale certificate No. 5123 was issued. The 1929 taxes were not paid. Thereafter the defendant S. T. Gidney paid to the county the full amount of the 1928 and 1929 taxes together with all penalties, interest, and costs, and on January 21, 1931, tax sale certificate No. 5123 was assigned to her. Thereafter the taxes for the years 1930 to 1940, inclusive, were paid by S. E. Gidney and were endorsed on said certificate. On September 10, 1941, she filed application for a tax deed and served notice thereof on the plaintiff, on herself as executrix of the estate of S. E. Gidney, deceased, and on other parties not involved herein.

On October 16, 1941, the plaintiff filed application for a tax deed based on tax

sale certificate No. 532 and caused notice thereof to be served on the defendant individually and as such executrix. On November 18, 1941, he filed this action.

It was stipulated by the parties that this land was allotted to Bettie Rector; that she retained title and possession thereof until her death on May 15, 1930; that she devised same to her son, Fred Rector; that at the time of her death said land was encumbered with a first mortgage owned by Edith Marsh, a second mortgage owned by Leona Gidney, and a third mortgage owned by S. E. Gidney; that on January 10, 1931, said first mortgage was assigned to S. E. Gidney; that thereafter, on April 15, 1931, by quitclaim deed, the land was conveyed to S. E. Gidney.

It was further stipulated that S. T. and S. E. Gidney were wife and husband; that he died testate on the 18th day of June, 1941; that she is the duly appointed and acting executrix of his estate and that she is the sole residuary devisee.

The lien of a purchaser of a delinquent tax sale certificate is junior and inferior to the lien of a purchaser of a delinquent tax sale certificate, either from the county treasurer at the time of sale or from the county treasurer thereafter, for subsequent delinquent taxes. See State ex rel. v. National Bank of Commerce of Pawhuska, 139 Okla. 134, 281 P. 579; Neff v. Gray, 157 Okla. 207, 11 P. 2d 755. It is apparent, therefore, that the lien of tax sale certificate No. 5123, held by the defendant S. T. Gidney, is superior to the lien of tax sale certificate No. 532 held by the plaintiff.

However, it is admitted herein that, although tax certificate No. 5123 was assigned to the defendant and the taxes thereafter paid were endorsed thereon, the consideration for the assignment and such taxes were paid by checks drawn by the husband, S. E. Gidney. By reason of this fact the plaintiff contends that the taxes were actually paid and that the assignment and the endorsements thereon amounted to payment of taxes only, and that therefore tax sale certifi-

cate No. 5123 should be canceled and the county treasurer enjoined from issuing a tax deed based thereon. This is apparently predicated upon the theory that the husband, S. E. Gidney, was either legally or morally bound to pay the taxes, and that he was therefore disqualified to purchase an assignment of a tax sale certificate thereon; that he could not do indirectly that which he could not do directly.

Even though it be assumed that the purchase of the assignment by the defendant was in fact a purchase by S. E. Gidney, we think that the foregoing contention is untenable. At the time of the purchase of the assignment S. E. Gidney owned a first and third mortgage on said property. He was not in possession thereof and held no other interest therein. A mortgagee not in possession is neither legally nor morally bound to pay the taxes assessed against the mortgaged property and may acquire a tax sale certificate, obtain a tax deed to the property, and assert the tax title against the mortgagor. A mortgagee is not disqualified to purchase the mortgaged property at tax sale and may assert such tax title against the world. See Jones v. Black, 18 Okla. 344, 88 P. 1052; Price v. Salisbury, 41 Okla. 416, 138 P. 1024, L.R.A. 1917D, 520; Owens et al. v. Williams et al., 180 Okla. 324, 68 P. 2d 836.

The fact that S. E. Gidney thereafter, by quitclaim deed, acquired title to the land, would not effectuate a merger of the interest so obtained by tax sale in the fee where not so intended by him, and thus cause the inferior tax lien of the plaintiff to become a first lien. Carson v. Fulbright, 80 Kan. 624, 103 P. 139; Sanford v. Scott, 105 Neb. 479, 181 N.W. 148; See, also, 95 A.L.R. 628. There is no such intention disclosed in this case. The record conclusively shows that the defendant and S. E. Gidney did everything possible to protect the superiority of the lien of tax sale certificate No. 5123 over tax sale certificate No. 532, and had no intention of effecting a merger thereof with the title acquired by S. E. Gidney. Neither of the Gidneys

owed any duty to the plaintiff; there was no privity between them. It could make no difference to him what they did in regard to the taxes and he is in no position to question their action in this respect. His only right was to continue to pay the taxes and after due notice obtain a tax deed if the property was not redeemed. He did neither, and permitted the land to again sell for taxes. The lien acquired by the defendant is superior to any lien held by him and his only remedy now is to redeem. This is true as to all taxes paid and endorsed upon the defendant's certificate (68 O. S. 1941 § 388) regardless of whether they were actually paid by S. E. Gidney. Clearly the purpose of the Gidneys was to maintain and protect the tax lien as against the inferior lien held by the plaintiff; this they had a right to do. The lien obtained by her was the direct result of the plaintiff's omission. If he desired to retain the superiority of his lien, it was his duty to pay the taxes.

The mere fact that the money for the tax sale certificate was paid by S. E. Gidney does not give rise to the presumption that he was the owner thereof instead of the defendant. Nothing in this record indicates that she was not the sole owner thereof. As far as this plaintiff, an inferior tax lienholder, is concerned, there appears to be no reason why S. E. Gidney, after he became the owner of the land, could not pay the taxes and have same endorsed on the tax·sale certificate owned by his wife. He owed no duty to the plaintiff, and the plaintiff is entitled to no benefit by reason of the payment of the taxes by the Gidneys. Of course, both S. E. Gidney, as owner of the property, and S. T. Gidney, as owner of the tax sale certificate, had the legal privilege to pay the taxes in order to protect the lien. But so did the plaintiff if he desired to protect his lien. His only right now is to redeem the property for the full amount paid for the tax sale certificate and all taxes paid and endorsed thereon.

It is the duty of an executor to pay the taxes on the lands belonging to the estate and to sell a part or all of the estate for that purpose, if necessary; to fail to pay the taxes and then attempt to acquire a tax title himself would be a violation of his duty, oath, and bond. See Warrior v. Stith, 174 Okla. 150, 50 P. 2d 179; 58 O. S. 1941 § 496. This rule, however, is not applicable to the case at bar for the reason that no holder of a lien that is inferior to her lien can raise any question as to her duties as executrix or her right to enforce her vested rights, except an heir, devisee, or creditor of the estate. The plaintiff is neither an heir, devisee or creditor. Then, too, as hereinbefore pointed out, she is the sole residuary legatee and the only one entitled to the estate.

Judgment affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, BAYLESS, HURST, and DAVISON, JJ., concur. OSBORN and WELCH, JJ., absent.