**HOFFMEYER et al. v. SMITH et al.**

No. 15416—Opinion Filed June 9, 1925.

1. **Appeal and Error—Right and Time of Appeal—Mortgage Foreclosure — Motion to Reduce Attorney's Fee Filed After Sale—Review.**

Any party aggrieved by a final judgment in the trial court has a statutory right to have the judgment reviewed in the trial court, and to prosecute appeal to the Supreme Court; but such right to review and appeal must be prosecuted in the manner and within the time fixed by the statute. This applies to judgments rendered in mortgage foreclosure cases for attorney fees as well as to other portions of the judgment; and a motion to reduce the amount of an attorney fee, filed in the mortgage foreclosure case after the sale, comes too

late to authorize the Supreme Court to review the record as to the allowance of the attorney fee in the original judgment.

**2. Mortgages — Foreclosure — Liability of Purchaser for Unpaid Taxes.**

Where neither the mortgagor nor the mortgagee pays the taxes extended against mortgaged property, and suit is brought to foreclose the mortgage, without reference to the taxes, and no order is made by the court to pay the taxes out of the proceeds of the sale, the sale is made subject to the unpaid taxes: and the rule of caveat emptor applies to the purchaser at the foreclosure sale as to the taxes; and it is not error for the trial judge to deny the motion by the purchaser at the foreclosure sale seeking to have an order made that unpaid taxes be paid out of the proceeds of the sale.

**3. Same—Receivers—Report and Compensation Sustained.**

Receiver's report, objections thereto, and evidence taken upon the hearing thereof, examined; and held to support the action of the court in approving the report and allowing the receiver the sum of $150 as compensation.

**4. Disposition of Cause.**

Record examined, and held, to support the orders and judgment of the trial court; and that the orders and judgment appealed from should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Logan County; Charles C. Smith, Judge.

Orders and judgment of the district court confirming foreclosure sales, and exception of H. M. Adams and Charles Hoffmeyer. Adams and Hoffmeyer appeal. Affirmed.

O. R. Fegan and H. M. Adams, for plaintiffs in error.

John Adams, for defendants in error.

Opinion by SHACKELFORD, C. This is an appeal from orders and judgment of the district court of Logan county confirming mortgage foreclosure sales and approving report of receiver. A final decree was entered in a suit brought in the district court of Logan county, rendering judgment fixing the rights of parties plaintiff and defendant, and of certain parties as interveners, in a suit brought upon certain promissory notes and to foreclose certain real estate mortgages covering real estate in Logan county. The decree became final and binding upon all the parties, no appeal having been prosecuted from such original and final judgment. The judgment was rendered on December 22, 1922, and journal entry was O. K.'d by John Adams, attorney for plaintiffs, and by H. M. Adams for certain of the parties, and was filed with the court clerk on the 10th of March, 1923. The decree fixes the amounts of judgment as to principal debt, interest, and attorney fees. and directed that an order of sale. issue for sale without appraisement; and directed the order in which the several pieces of real estate involved should be sold, and directed the application of the proceeds of the sale to the payment of costs, and the judgments, and directed that the residue, if any, be paid into court; and if insufficient to satisfy the judgments, interest, attorney fees. and costs, that execution should issue against the defendants for the unpaid portion. On the 29th of September, 1923, an order of sale was issued, levy and sale made, and a return of the officer made on the order of sale. A motion was filed to confirm the sale. The return of the officer shows that certain of the property was knocked off and sold to H. M. Adams, and certain other portions of the property was knocked off and sold to Charles Hoffmeyer. On the 19th of November, 1923, H. M. Adams filed a pleading denominated "motion," attacking the judgment as to one of the attorney fees allowed in the sum of $487, seeking to have it reduced to $100; and seeking to have only a nominal fee allowed the receiver, who at some stage of the foreclosure proceedings had been appointed by the court; and further sought an order of the court requiring that certain unpaid taxes extended against the property bought by H. M. Adams, be paid out of the proceeds of the sale. On the same day Charles Hoffmeyer filed a motion seeking to have the court make an order that unpaid taxes extended against the property which he bought should be paid out of the proceeds of the sale. On January 3, 1924, R. L. Smith, the receiver, filed his report under oath. The report shows that he was appointed on August 29, 1922; that he qualified as such receiver and made the required bond and took charge of the real estate on September 1, 1922, and retained the property in his possession until the 5th of November. 1923; that he collected rents amounting to $1,363.70, and got a secured note for rents in the sum of $140.30; that the property consisted of five residence houses, and that out of the rents he expended for labor and materials in caring for and repairing the several properties, the sum of $875.41, all itemized. He reported a balance of $347.64 and the note for $140.30. The receiver

asked compensation in the sum of $150 and to be discharged. H. M. Adams filed objections to the receiver's report on the ground: (1) The items expended for repairs were not ordered paid out for such purpose by the order of appointment; (2) the repairs made were not absolutely necessary; (3) the rents collected should have been applied upon the judgments; and (4) the receiver should be allowed nominal compensation only.

A hearing was had and the court overruled the motions and the objections to the receiver's report, approved the report and allowed the receiver compensation in the sum of $150. H. M. Adams and Charles Hoffmeyer prosecute appeal and the action of the court above stated is here for review.

The plaintiff in error, H. M. Adams, complains that the court erred in refusing to reduce the $487 attorney fee to $100. The record shows that the judgment for the attorney fee was included in the original, final judgment, and that the same H. M. Adams O. K.'d the journal entry and filed no motion for new trial, nor did he in any way raise any question about the correctness of the allowance for attorney. fees until he acquired some interest in the property by assignment and by purchase of a part of the property at the foreclosure sale. It seems that Mr. Adams was attorney for some of the parties to the litigation before the final judgment was entered, and he must have known about the $487 attorney fee at the time he O. K.'d the journal entry. He had the right to question the validity of that or any other part of the judgment in the time and manner provided by statute. He acquiesced in the judgment from the 22nd of December, 1922, until the 19th of November, 1923, and long after time for filing appeal in this court had expired. Whether the trial court was right or wrong in allowing the $487 attorney fee, the error was not pointed out in the time and manner provided by statute. This court is without authority to review the judgment, unless proper steps are taken to have the matter reviewed.

Both H. M. Adams and Charles Hoffmeyer complain that the court refused to make an order requiring that unpaid taxes extended against the property bought by them, respectively, be paid out of the proceeds of the sale. No statute is pointed out and we know of none which requires that where foreclosure sales are made the court shall order the unpaid taxes paid out of the proceeds of the sale. It seems that none of the mortgagees, parties to the original action, paid the taxes or any of them. There seems to be no allegations in any of their pleadings that any mortgagee had paid taxes extended against the property. No orders were asked for and none made in the final judgment and decree concerning unpaid or accruing taxes. It is well known that taxes are no respecter of ownership of property, whether the ownership be special or general. The mortgagees had a right to pay the taxes and have the matter taken into consideration upon the foreclosure of their liens. It seems that nothing could have been more certain than that the taxes had been extended against the property involved; and there is no one principle better settled in the law than that where taxes have been extended against property, all liens are enforced subject to such. taxes, and where no orders are made in the decree of sale concerning the taxes, the judicial sale is made subject to the taxes. This is elementary, and buyers who are ignorant of it are presumed to know it, notwithstanding their lack of knowledge. Any prospective buyer at a judicial sale can ascertain whether taxes have been extended against the property which is being offered for sale. If the taxes are due and unpaid, the sale is made subject thereto. Nobody can be heard to plead ignorance about the matter. Both Mr. Adams and Mr. Hoffmeyer must have known that the taxes had not been paid, or, if they did not know, they knew how to find out by inquiry at the county treasurer's office. If any one of the mortgagees had paid the taxes on the property he would have been entitled to a judgment for return of his tax money as well as judgment for the money advanced, interest, etc. Payment of the taxes would have enhanced the value of the property, and presumably it would have sold for a greater sum by the amount of the taxes. These buyers at the judicial sale bought the property for a less sum because they were buying subject to the taxes. They got the benefit of the lessened value because of unpaid taxes, and now they are asking that the court make an order requiring other interested parties to donate to them the amount of the unpaid taxes. Such preference cannot be properly indulged by courts of justice.

Where neither the mortgagee nor. the mortgagor pays the taxes on the real estate covered by the mortgage, and the mortgage is foreclosed and the property ordered sold without any reference to accumulation of taxes, and the property advertised and sold without reference to unpaid

taxes, the buyer at the sale is bound by the rule of caveat emptor. The trial court properly applied the rule stated, and refused to order the taxes paid out of the proceeds of the sale.

The third cause of complaint is that the trial court approved the receiver's report and allowed the receiver $150 for his compensation. There seems to be no intimation in pleading or evidence that there was any wrongdoing on the part of the receiver, other than that he made some repairs on the property while he had it in charge, which was not provided for in the original order of appointment; and in so doing used rents collected to pay the expense. It appears from the evidence that the repairs were needed and were beneficial to the property, and enhanced the value of it. The main ground of attack upon the action of the court on the receiver's report lies in the fact that the court allowed $150 to the receiver as his compensation. We have carefully examined the services of the receiver as presented by the report and the evidence taken upon the hearing before the court on the report. We find no fault with the trial court in approving the report; and are impressed that the compensation allowed the receiver is sufficiently modest.

We find no error or abuse of power or discretion reposed in the trial court. We recommend that the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 27 Cyc. p. 1677. (2) 27 Cyc. p. 1724. (3) 27 Cyc. p. 1777 (1926 Anno). (4) 4 C. J. p. 1129; 27 Cyc. p. 1679.