**EQUITABLE LIFE INSURANCE COMPANY OF IOWA, an Iowa Corporation, Appellee,**

v.

**Robert W. NANZ et al., Appellees,**

v.

**Donald G. HOPKINS, Appellant.**

**No. 50154.**

Court of Appeals of Oklahoma, Division No. 1.

May 2, 1978.

Released for Publication by Order of Court of Appeals May 25, 1978.

F. Paul Thieman, Jr., Tulsa, for appellee.

Rucker, Tabor, McBride & Hopkins, Inc. by R. Dow Bonnell, Tulsa, for appellant.

ROMANG, Judge:

This was initially a real estate mortgage foreclosure action, in which the mortgage was foreclosed and the property, an apartment complex, was sold at Sheriff's Sale. The appellant, Donald G. Hopkins, was the purchaser at the sale for the sum of $600,-000.00 The date of sale was August 9, 1976, and it was confirmed on August 20, 1976.

On August 25, 1976, the receiver, who was appointed during the foreclosure proceeding, filed his final account and application for fees. At the hearing thereon, on August 27, 1976, Hopkins, for the first time, made an oral application to the trial court to have the real estate (ad valorem) taxes prorated for the calendar year 1976. That application was denied, and Hopkins has appealed from that denial.

Hopkins contends on appeal that the real estate taxes due from November 6, 1975 through July 1, 1976, should be paid out of funds collected by the receiver, which would be from rents.

Hopkins states that he is aware of 68 O.S.1971, § 2424, which provides:

> As between grantor and grantee of any land where there is no express agreement as to who shall pay the taxes that may be assessed thereon, taxes on any real estate shall become a lien on such real estate on the 1st day of October of each year, and if such real estate is conveyed after said date the grantor shall pay such taxes, and if conveyed on a prior to October 1st of such year the grantee shall pay such taxes.

The sale notice contained these words: "subject to real estate taxes and tax sales." Neither the Decree of Foreclosure, the Order of Sales, Order Approving Sheriff's Sale, nor Hopkins' bid, contain anything about taxes.

In *Hoffmeyer v. Smith*, 110 Okl. 215, 237 P. 91, 93, the opinion reads:

> Both H. M. Adams and Charles Hoffmeyer complain that the court refused to make an order requiring that unpaid taxes extended against the property bought by them respectively, be paid out of the proceeds of the sale.

> \* \* \* \* \* \*

> It seems that nothing could have been more certain than that the taxes had been extended against the property involved; and there is no one principle better settled in the law than that where taxes have been extended against property, all liens are enforced subject to such taxes, and where no orders are made in the decree of sale concerning the taxes, the judicial sale is made subject to the taxes. This is elementary; and buyers, who are ignorant of it, are presumed to

know it, notwithstanding their lack of knowledge

\*  \*  \*  \*  \*  \*

Where neither the mortgagee nor the mortgagor pays the taxes on the real estate covered by the mortgage, and the mortgage is foreclosed and the property ordered sold without any reference to accumulation of taxes, and the property advertised and sold without reference to unpaid taxes, the buyer at the sale is bound by the rule of caveat emptor. The trial court properly applied the rule stated, and refused to order the taxes paid out of the proceeds of the sale.

The above case law makes it clear that if nothing is said about unpaid real estate taxes in a foreclosure of mortgage sale, the buyer takes subject to all unpaid taxes. We therefore affirm the denial of appellants's claim for proration of taxes. Having reached this result, we do not deem it necessary to consider the other contentions of the parties.

AFFIRMED.

BOX, P. J., concurring.

REYNOLDS, J., not participating.